*32 Opinion by
MR. JUSTICE HODGES.
Defendant Kelly was charged with the Class 4 felony of second-degree assault under 1971 Perm. Supp., C.R.S. 1963, 40-3-203(c).[1] He tendered a plea of nolo contendere which was accepted by the trial court. The matter was then continued for disposition to permit an application for probation.
Before the date of disposition, the public defender, who had represented the defendant, withdrew from the case and private counsel entered his appearance on behalf of this defendant. A motion was thereupon filed requesting the withdrawal of the defendant’s nolo contendere plea. This motion indicated that the nolo contendere plea was inappropriately offered because the defendant in fact had a meritorious defense to the charge of second-degree assault which is a specific intent crime involving the intentional causing of bodily injury together with the intent to prevent a police officer from performing his lawful duties. The defendant’s motion suggests that the defendant may have been guilty of a lesser degree of assault. Third-degree assault is a class 1 misdemeanor. 1971 Perm. Supp., C.R.S. 1963, 40-3-204.[2]
The trial court denied the defendant’s motion and thereafter its judgment was entered which placed the defendant on probation for one year on the condition that he serve 60 days in the county jail.
The defendant on this appeal alleges several grounds upon which the trial court’s judgment should be reversed. One of the grounds is that in accepting the defendant’s plea of nolo contendere, the trial court did not adhere to the requirements of Crim. P. 11. We have noted the transcript of the procedures conducted by the court at the time the nolo contendere plea was offered by the defendant and accepted by the court. We agree that the trial court did not comply with the requirements of Crim. P. 11. Therefore, its judgment must be reversed and the cause remanded for the purpose of rearraigning this defendant.
The following is quoted from the transcript of the proceedings before the trial court:
“BY THE COURT: All right. Mr. Kelly, will you please stand? You are Norden M. Kelly?
BY THE DEFENDANT: I am.
BY THE COURT: And is it your desire to enter a plea of guilty to the charges against you?
BY THE DEFENDANT: I would like to enter a plea of nolo contendere.
*33 BY THE COURT: I have no objection to a plea of nolo contendere. You understand by entering this plea you are waiving your rights I have advised you of concerning a jury trial, and the right to remain silent, etc.
BY THE DEFENDANT: I understand.
BY THE COURT: And understanding those rights, it is still your desire to enter a plea of guilty, or a plea of nolo contendere?
BY THE DEFENDANT: Yes.”
The foregoing represents the only inquiries directed to the defendant by the trial court at the time the plea of nolo contendere was made by this defendant. Among other things, the court did not make any inquiry of the defendant as to whether he understood the nature of the charge and its elements. This is of the utmost importance in connection with this felony assault charge which requires proof of a specific intent to prevent a police officer from performing his lawful duty and to cause bodily injury.
Crim. P. 11 requires that before a trial court accepts a plea of guilty or a nolo contendere plea, it must ascertain that the defendant has been advised of his rights as an accused person; that he is waiving those rights; that he understands the nature and elements of the charge involved; that he understands the possible penalty or penalties which may be imposed; and that his plea is voluntary and not the result of undue influence or coercion on the part of anyone. See People v. Murdock, 187 Colo. 418, 532 P.2d 43 (1975) and People v. Randolph, 175 Colo. 454, 488 P.2d 203 (1971).
The judgment of the trial court is reversed and this cause is remanded with directions that the defendant be rearraigned.
MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.

Now section 18-3-203(1 )(c), C.R.S. 1973.

Now section 18-3-204, C.R.S. 1973.