539 P.2d 507 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Oral Ray VAN HOOK, III, Defendant-Appellant.
No. 74-573.
Colorado Court of Appeals, Div. III.
July 1, 1975.
Rehearing Denied July 22, 1975.
Certiorari Denied September 15, 1975.
John D. MacFarlane, Atty. Gen., Edward G. Donovan, Sol. Gen., J. Stephen Phillips, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Davies & Saint-Veltri, Joseph Saint-Veltri, Stuart A. Kritzer, Denver, for defendant-appellant.
Selected for Official Publication.
*508 STERNBERG, Judge.
The defendant, Oral Ray Van Hook III, was charged with the crime of grand theft, and on March 15, 1971, entered a plea of nolo contendere. He was placed on probation, but for reasons not relevant here, his probation was revoked, reinstated, and again revoked. Based upon the contention that his arraignment had not been conducted in compliance with Crim.P. 11, the defendant filed a motion for post-conviction relief under Crim.P. 35(b). Following a hearing, the court denied the motion and this appeal followed. Since we conclude that the arraignment was deficient, we reverse.
Crim.P. 11, both at the time of defendant's arraignment and now, itemizes certain requirements which must be followed by a court before it may accept a plea of guilty or one of nolo contendere. This rule has been the subject of frequent interpretations by the Supreme Court. That Court's most recent pronouncements are contained in People v. Kelly, Colo., 536 P. 2d 39 and People v. Sandoval, Colo., 535 P.2d 1120. While both of these cases apparently arose under Crim.P. 32(e), they are relevant here since they discuss Crim. P. 11. In Sandoval it is stated that:
"We have in a long line of cases reiterated the necessity for trial courts to adhere strictly to the requirements of Crim.P. 11 . . ." (emphasis supplied)
The People contend that the arraignment proceedings in 1971 were proper. They concede that the court itself did not follow the requirements of Crim.P. 11. However, they assert that a printed advisement form, which had been signed by the defendant and was tendered to the court at the time of arraignment, cures the deficiencies. They do not urge, nor is there evidence, that defendant learned of the elements of Rule 11 from his attorney or other third parties. They do argue that all requirements of Rule 11 were satisfied by the said form and the comments of the judge, except that of the explanation of the elements of the crime, and that that deficiency should not vitiate the arraignment, because in a crime such as grand theft, the term "theft" is readily understood by all. We disagree with these contentions for three basic reasons.
First, our reading of the printed advisement form and our review of the record of the arraignment and hearing on the motion lead to the conclusion that the requirements of Crim.P. 11 were not complied with. Among other things, there is no evidence of any explanation of the rights which the form indicates had already been explained to the defendant. There was no evidence, or finding by the court, that the plea entered was voluntary and not the product of undue influence. Nor was there any showing that defendant had been told and understood that the court would not be bound by representations made by anyone relative to the penalty to be imposed.
Secondly, we hold that under the law of Sandoval and Kelly, supra, and precursors thereto, compliance with Crim.P. 11 cannot be demonstrated solely by reliance upon a printed form. See People v. Sanders, Colo., 524 P.2d 299. In Kelly, it is stated that:
"[B]efore a trial court accepts a plea of guilty or a nolo contendere plea, it must ascertain that the defendant has been advised of his rights as an accused person; that he is waiving those rights; that he understands the nature and elements of the charge involved; that he understands the possible penalty or penalties which may be imposed; and that his plea is voluntary and not the result of undue influence or coercion on the part of anyone." (emphasis supplied)
A printed form signed by a defendant is no substitute for the trial court's determination that the requirements of the rule have been met. For example, if a defendant does not understand the nature of the crime charged, that fact is more apt to be *509 discovered through discussion with the court than through the procurement of defendant's signature on a prosecutor's form. See People v. Murdock, Colo., 532 P.2d 43.
Finally, we hold that all elements of a crime, even one using a commonly understood word such as "theft," must be explained to a defendant at some time prior to the entry of his plea. To state the People's contrary argument is to refute it. We cannot draw distinctions between crimes based upon whether or not we feel the statutory language describing it uses words that would be "understood by everyone." See People v. Sanders, supra; see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
The judgment is reversed and the cause remanded for rearraignment and for other proceedings not inconsistent herewith.
PIERCE and VAN CISE, JJ., concur.