The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William E. WEED, Defendant–Appellant.

No. 91CA0043.

Colorado Court of Appeals, Div. III.

Dec. 5, 1991.

Rehearing Denied Jan. 2, 1992.

Certiorari Denied June 8, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Patrick J. Mulligan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, William E. Weed, appeals the judgment of conviction entered upon his guilty plea to robbery. We affirm.

## I.

■ Defendant first contends that his guilty plea was not knowingly and voluntarily entered. He argues that the providency hearing was deficient in two respects: First, that the trial court failed to ascertain whether defendant waived his right to a jury trial and, second, that the trial court failed to advise him of the possible penalties.

■ The record as a whole must show that a defendant entered his guilty plea voluntarily and understandingly. *Lacy v. People*, 775 P.2d 1 (Colo.1989), *cert. denied*, 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989). For such to be the case, the defendant must be advised of the pertinent fundamental constitutional rights and must understand the consequences of a guilty plea. We are satisfied that the record here amply satisfies these requirements.

In *People v. Lesh*, 668 P.2d 1362 (Colo. 1983), our supreme court held:

A trial court may assure itself that the plea of guilty ... is being entered by the defendant in accordance with constitutional requirements by (1) complying with Crim.P. 11(b), (2) insisting that a written plea agreement signed by the defendant and his attorney is filed with the court, or (3) interrogating counsel about the nature of the advisement given to the client by the attorney and the client's responses.

Here, after a 30–minute conference with his attorney, defendant executed a five-page "Petition to Enter Plea of Guilty." This document set out in detail all of defendant's constitutional rights, including his right to a jury trial. After this enumeration, the petition provided: "I FURTHER UNDERSTAND THAT BY TENDERING THIS PLEA ... OF GUILTY I AM GIVING UP ALL THESE RIGHTS." It later provided: "I understand my right to a trial by jury ... and I expressly give up my right to trial by a jury ... on all issues."

During the providency hearing, the trial court ascertained that defendant had read and discussed the petition with his attorney for approximately one-half hour and that he understood the petition. The court noted that defendant had listened to the providency hearing for his co-defendant's guilty plea earlier that day. It also advised defendant that his jury trial was scheduled for the following Monday and that defendant could help select a jury. The court then asked whether defendant still wished to plead guilty and defendant replied, "At this time, yes."

The petition was signed by defense counsel who certified that he had fully discussed "this matter with the defendant," considered him to be competent to understand the effect of the guilty plea, and recommended that the court accept defendant's plea of guilty.

These factors, when viewed in their totality, demonstrate that defendant was properly advised of his right to a jury trial and that he waived that right knowingly and voluntarily.

■ Employing the same analysis, we also reject defendant's contention that the trial court's failure during the providency hearing to advise him of the possible penalties renders his guilty plea invalid. The petition recited the possible years of incarceration in both the presumptive and extraordinary ranges, in addition to describing the possible fines to which defendant would be subject. It elaborated further on the possibility of consecutive sentencing, mandatory sentencing in the aggravated range, the factors precluding a grant of probation, and incarceration as a condition of probation.

In our view, this information was sufficient to comply with the requirement in Crim.P. 11(b)(4) that defendant understand the possible penalty and the "consequences which have a definite, immediate, and automatic effect on the range of punishment." *People v. Chippewa*, 713 P.2d 1311 (Colo. App.1985), *aff'd on other grounds*, 751 P.2d 607 (Colo.1988).

We note that defendant's plea of guilty was entered with the express stipulation of the People that he receive a three-year sentence to the Department of Corrections. During the providency hearing, the trial

court advised defendant of this stipulation and further advised him that if, at the sentencing hearing, the court rejected the stipulation, then defendant would be allowed to withdraw his guilty plea. Defendant replied that he understood.

Under these circumstances, we conclude that the advisement complied with Crim.P. 11(b)(4).

■ We reject defendant's contention that, in determining the sufficiency of his guilty plea, we must rely solely on the colloquy during his providency hearing. Instead, we adopt the rationale in *People v. Lesh, supra,* for use in felony cases and hold that the proper basis for analyzing of the constitutional validity of a 'guilty plea should include not only the statements made during a providency hearing but also those statements made by both defendant and his attorney in a petition to plead guilty. While we recognize that compliance with Crim.P. 11 cannot be demonstrated solely by reliance upon a printed form, *People v. Van Hook,* 36 Colo.App. 226, 539 P.2d 507 (1975), neither should the sufficiency of the plea be gauged solely by the statements made during the providency hearing if other relevant factors exist.

### II.

■ Defendant also contends that the trial court abused its discretion in denying his motion to withdraw his plea. He asserts that, because he consistently maintained his innocence and because he was pressured into pleading guilty, fair and just reasons exist to withdraw his plea. We again disagree.

■ To warrant a change of plea before entry of a sentence, there must be some showing that denial of the request will subvert justice. The burden of demonstrating a "fair and just reason" for the change rests on the defendant. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

■ A motion to withdraw a plea of guilty is addressed to the sound discretion of the court. Absent an abuse of that discretion, a reviewing court will not overturn the denial of a motion to withdraw a

guilty plea. *People v. Chippewa,* 751 P.2d 607 (Colo.1988). To constitute an abuse of discretion, a court's ruling must be "manifestly arbitrary, unreasonable, or unfair." *People v. Milton,* 732 P.2d 1199 (Colo. 1987).

Here, the trial court held a full-scale hearing before denying defendant's motion to withdraw his plea. The judge who presided at this hearing had also conducted defendant's Crim.P. 11(b) advisement. After taking the matter under advisement, the trial court found that defendant's plea, tendered pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), had been entered voluntarily and that justice would not be subverted by denying defendant's request.

Based on the record before us, we cannot say that the trial court's order was "manifestly arbitrary, unreasonable or unfair." *People v. Milton, supra.*

The judgment of conviction and the order denying defendant's motion are affirmed.

CRISWELL and NEY, JJ., concur.