**Anton Devon Nikkynuebe HOUSTON a/k/a Anton N. Robertson, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00725–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 2006.

214

Wayne T. Hill, Houston, for appellants.

Bridget Holloway, Houston, for appellees.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Anton Devon Nikkynuebe Houston,[1] was charged by indictment

---

**1.** Appellant identified himself to the police as Anton N. Robertson. However, at his ar-

raignment, he identified himself as Anton Devon Nikkynuebe Houston. A fingerprint iden-

with the state jail felony of driving while intoxicated with a child passenger. Tex. Pen.Code Ann. § 49.045 (Vernon Supp. 2005). The indictment also alleged appellant had been previously convicted of (1) felony attempted possession of a controlled substance and (2) felony possession of a controlled substance. Appellant entered a plea of guilty to the primary offense, and a plea of true to the enhancement allegations without the benefit of a plea bargain agreement.[2] The trial court subsequently found appellant guilty, found the enhancement allegations to be true, and assessed appellant's punishment at confinement in the state penitentiary for a term of 6 years and a $10,000 fine. In two points of error, appellant contends the trial court erred by (1) failing to withdraw his guilty plea and (2) failing to admonish him that he had no right to hybrid representation. We affirm.

In his first point of error, appellant alleges the "trial court erred in failing to withdraw his plea of guilty based upon erroneous advice from [his] attorney that he would receive probation." Outside of this naked allegation, appellant provides no explanation of the alleged error. Rather, appellant states in his brief that if "an attorney conveys erroneous information to his client, a plea of guilty based upon that misinformation is involuntary." This, of course, is a well established principle of law that no one disputes,[3] but how it relates to the case before us is not explained. Without further analysis, appellant then concludes his argument by stating, "The trial court failed to act as a gate keeper to protect Appellant's rights in this matter and thus abused its discretion in not authorizing the withdrawal of Appellant's ... plea of guilty."

■ Appellant has, in short, filed a superficial brief that, with very little guidance, and simply invites this court to find *any* kind of reversible error associated with appellant's plea of guilty if we can find it within our creative power to do so. This court, however, is not appellant's counsel, and a skeletal brief is an impermissible burden on the appellate process. *Walker v. State*, 654 S.W.2d 61, 62 (Tex.

---

tification revealed appellant has been arrested or prosecuted under at least nine different aliases.

2. The pre-sentence investigation report (PSI) states that a charge against appellant for burglary with intent to commit a felony was dismissed on the same day appellant entered his plea of guilty in this case. Moreover, appellant refers at one point in his brief to the "plea bargain agreement," but later says "there was no specific plea agreement."

There are two basic kinds of plea bargains that affect punishment: (1) sentence bargaining and (2) charge bargaining. *Carender v. State*, 155 S.W.3d 929, 930 (Tex.App.-Dallas 2005, no pet.). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended "cap" on sentences and a recommendation for deferred adjudication community supervision. *Id.* at 931. Charge bargaining involves questions of whether the defendant will plead guilty to the offense that has been alleged or a lesser or related offense and whether the prosecutor will dismiss or refrain from bringing other charges. *Id.* Both sentence bargaining and charge bargaining affect punishment. *Id.*

Here, despite its dismissal of the burglary case, the State asserts that no plea bargain existed. Likewise, the record—including the trial court's judgment, appellant's signed "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," and the "Trial Court's Certification of Defendant's Right to Appeal"—indicates no plea bargain existed. Accordingly, we presume the State's dismissal of the burglary charge was not part of a plea bargain agreement.

3. *See Ex parte Kelly*, 676 S.W.2d 132, 135 (Tex.Crim.App.1984); *Morrow v. State*, 139 S.W.3d 736, 744 (Tex.App.-Texarkana 2004, no pet.); *Burke v. State*, 80 S.W.3d 82, 93 (Tex.App.-Fort Worth 2002, no pet.); *Courtney v. State*, 39 S.W.3d 732, 735 (Tex.App.-Beaumont 2001, no pet.).

App.-Austin 1983, pet. ref'd). Both the State and this court must speculate upon appellant's position, and the issue is, thus, poorly presented for disposition. We will, nevertheless, in the interest of justice, attempt a review of appellant's contentions to the extent we understand them.

▮ Appellant cites authority for the proposition that misinformation supplied by counsel may lead to an involuntary plea. However, appellant does not expressly seek a reversal due to an involuntary plea. Moreover, arguments that a plea was involuntarily made on the erroneous advice of counsel are usually reviewed through a claim of ineffective assistance of counsel. *Ex Parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997); *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Crim.App.1991); *Morrow v. State*, 139 S.W.3d 736, 744 (Tex. App.-Texarkana 2004, no pet.). However, appellant makes no assertion that his conviction should be reversed for ineffective assistance of counsel. Instead, appellant appears to base his claim of reversible error on his contention that the trial court abused its discretion by failing to withdraw his guilty plea. In presenting this argument, appellant claims he attempted to withdraw his plea, and the trial court refused his request.

After examining the record, we find no such attempt by appellant to withdraw his plea; rather, he insisted on pleading guilty even after he learned of counsel's alleged misinformation. On May 11, 2004, appellant, with his counsel present, waived a court reporter, arraignment, and formal reading of the indictment. He pled guilty to the trial court without a plea bargain. Although there is no reporter's record of the plea hearing, the clerk's record contains a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant. In this document, appellant confessed to all facts alleged in the indictment and verified that no plea bargain existed. The trial court's docket sheet indicates appellant was admonished about the consequences of his plea, and appellant signed the necessary written admonishments. TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2005). These admonishments disclosed the charge against appellant and indicated the appropriate range of punishment.[4]

The record also reflects that appellant initialed a paragraph describing the consequences of violating the conditions of deferred adjudication, should the court grant deferred adjudication.[5] Appellant de-

---

**4.** The admonishments include a paragraph that begins: "If convicted, you face the following range of punishment" followed by a list of several "check-box" paragraphs. Each of these paragraphs was clearly marked out by hand except for one, which was circled and initialed by appellant. It reads: "if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two final state jail felony convictions, a term of not more than *10 years* or less than *2 years* in the Texas Department of Criminal Justice, and in addition, a fine not to exceed *$10,000 may* be assessed." The portions underlined herein were underlined by hand.

**5.** Appellant also initialed various provisions not applicable to him, including a statement partially underlined by hand that "the *Court*

*will permit you to withdraw your plea of guilty or nolo contendere* should it reject any plea bargain agreement." As there was no plea agreement in effect, this statement was clearly inapplicable to appellant's case. *See Tabora v. State*, 14 S.W.3d 332, 334 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (stating pre-printed boilerplate form containing provisions clearly meaning to apply to a wide variety of situations did not misinform defendant, as not all paragraphs apply to every defendant). The record contains no explanation for this underlining, and we will not speculate as to its significance. Appellant argues the underlined text is significant because it is the only admonishment underlined in the document. However, we observe that another underlined portion of the same form is a statement that

clined, in writing, to participate in the preparation of a PSI report, and requested that no PSI report be made. Finally, appellant confirmed that he fully understood the consequences of his plea and, after having fully consulted with his attorney, he requested the trial court accept his plea. Although the trial court found sufficient evidence of appellant's guilt at this hearing, the court deferred a finding of guilt and took the case under advisement. Appellant also filed a "Motion for Community Supervision" on the same date, disclosing the two prior felony convictions listed in the indictment and asking the court to place him on community supervision. The trial court scheduled a hearing pending completion of the PSI report.

Approximately two weeks after entering his plea, appellant filed three, handwritten, pro se motions on May 27, 2004. His first motion was entitled "Motion to dismiss court appointed counsel and appoint new counsel to act on behalf of defendant."[6] In this motion, appellant accused his court-appointed attorney of providing ineffective assistance of counsel for a variety of reasons, but one cryptic notation reads: "Misrepresentation, for as lying to me, telling I'm signing for probation, come to find out it was something different." However, when interviewed by the probation officer who prepared the PSI report, appellant modified his accusation significantly. Appellant told the investigating officer that "his attorney told him the Judge would *consider* given [sic] him probation if he plead guilty." (emphasis added).

Despite appellant's alleged dissatisfaction with his trial attorney, he thereafter persisted on pleading guilty again. On July 21, 2004, appellant appeared with his attorney before the trial court. No court reporter was present or requested. The court's docket sheet indicates appellant, once again, waived arraignment and a formal reading of the indictment, pled guilty a second time, and was admonished of the consequences of his plea. On this occasion, the trial court found appellant guilty and assessed his punishment.

We recognize that a guilty plea must be entered into voluntarily and freely. Tex.Code Crim. Proc. Ann. art. 26.13(b); *Anderson v. State*, 182 S.W.3d 914, 921 n. 1 (Tex.Crim.App.2006) (Hervey, J., concurring). When considering the voluntariness of a guilty plea, we must examine the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998) (per curiam). If the trial court properly admonished the defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Id.* The burden then shifts to the defendant to show he pled guilty without understanding the consequences of his plea and, consequently, suffered harm. *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.-Corpus Christi 2004, no pet.). Therefore, a defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Coronado v. State*, 25 S.W.3d 806, 809 (Tex.App.-Waco 2000, pet. ref'd); *Cantu v. State*, 988 S.W.2d 481, 484 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). A guilty plea is not involuntary simply because the sentence exceeded

---

appellant faced a range of punishment between two and ten years.

**6.** Appellant's other two motions were entitled a "Motion for Hybrid Representation" and "Defendant's Motion to Have Written Rulings on all Motions Filed by the Defendant." In his second motion, appellant requested the trial court allow him to assist his attorney in filing "necessary pretrial motions." Appellant's third motion sought nothing more than its title implies.

what an accused expected, even if that expectation was raised by his attorney. *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.-San Antonio 1996, pet. ref'd).

Here, the defendant's burden is compounded by the absence of a record. A defendant who waives his right to have a court reporter record the proceedings and, thereafter, challenges on appeal the voluntariness of his plea, nevertheless retains his burden to ensure a sufficient record is presented on appeal to establish error. *Lopez v. State*, 25 S.W.3d 926, 928–29 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Moreover, we presume recitals in court documents are correct unless the record affirmatively shows otherwise. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim.App.1984).

A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App.1979). If, however, a defendant desires to withdraw his guilty plea after the court has taken the case under advisement, withdrawal of the plea is within the sound discretion of the court. *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). After a trial court has admonished a defendant, received the plea and evidence, and passed the case for a presentence investigation, the case has been taken under advisement. *Id.* An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim. App.1990) (op. on reh'g). Appellant does not contend that he sought to withdraw his guilty plea until after his case was taken under advisement. Therefore, he could not withdraw his plea as a matter of right.

Appellant concedes that he did not expressly request to withdraw his plea. However, he contends that, while his handwritten pro se motions were inartful, they constituted the "functional equivalent" of a motion to withdraw his guilty plea. First, we know of no authority requiring a trial court to "read between the lines" of a defendant's pro se motion to discern his unstated intent. In fact, the trial court was not obliged to read or rule upon appellant's pro se motions. *See Meyer v. State*, 27 S.W.3d 644, 648 (Tex. App.-Waco 2000, pet. ref'd) (holding trial court is not required to consider pro se motions filed when accused is represented by counsel). Further, appellant never presented any evidence in support of his motions or obtained a ruling thereon.[7] Under these circumstances we find no

---

7. We observe that even if we were to construe appellant's pro se motions as a request to withdraw his guilty plea, a motion to withdraw a guilty plea is the equivalent of a motion for new trial. *See* Tex.R.App. P. 21.1 (defining a new trial as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt"); *State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App.1992) (stating order granting a motion to withdraw a guilty plea has precise effect of granting a new trial).

A party making a motion for new trial must present that motion to the trial court. Tex. R.App. P. 21.6. To prove presentment, the record must contain more than just proof that the motion was timely filed; it must also contain proof that the movant actually delivered the motion to the trial court or that the motion was otherwise brought to the trial court's attention. *Carranza v. State*, 960 S.W.2d 76, 79 (Tex.Crim.App.1998); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). A trial court does not abuse its discretion by denying a motion for new trial without a hearing when the motion was not timely presented. *Birdwell v. State*, 996 S.W.2d 381, 384 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

support for appellant's contention that he requested to withdraw his plea of guilty.

▓▓▓ Nonetheless, by accusing the trial court of failing to act as a "gate keeper," appellant may be suggesting the trial court had a duty to sua sponte withdraw appellant's guilty plea. A trial judge, however, is not required to sua sponte withdraw a defendant's guilty plea, even if evidence is brought to the judge's attention making the defendant's innocence evident. *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim. App.1978); *Fisher v. State*, 104 S.W.3d 923, 924 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Appellant seems to implicitly suggest, however, that the trial court had a duty to withdraw his plea because he was not eligible for deferred adjudication. Appellant cites no authority for this contention.

Certainly, Article 42.12 of the Code of Criminal Procedure excludes deferred adjudication as a possible punishment for driving while intoxicated. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 5(d)(1)(A) (Vernon Supp.2005) (stating trial judge may grant deferred adjudication unless the defendant is charged with an offense under Texas Penal Code sections 49.04, 49.05, 49.06, 49.07, or 49.08). However, appellant was charged and convicted of driving while intoxicated *with a child passenger*—an offense described in Section 49.045 of the Penal Code[8] that is noticeably absent from the list of excluded offenses found in Article 42.12, § 5(d)(1)(A) of the Code of Criminal Procedure. Accordingly, we find appellant was eligible for deferred adjudication and the trial court preserved that punishment option during the pendency of the PSI report by deferring a finding of guilt.[9]

Because appellant was properly admonished by the trial court, there is a prima facie case that his plea was entered knowingly and voluntarily.[10] We find appellant did not meet his "heavy burden" to prove his plea was entered involuntarily; in fact, he has presented no evidence in support of his claim. After considering the totality of the circumstances, viewed in light of the entire record, we find the trial court did not abuse its discretion in failing to withdraw appellant's guilty plea. Appellant's first point of error is overruled.

▓▓▓ In his second point of error, appellant argues the trial court erred by failing to admonish him "about hybrid representation and the choice of self representation or representation by legal counsel." When a defendant partially represents himself in a case but remains fully represented by counsel, no question of waiving the right to counsel is involved, and a trial court does not err by failing to admonish the defendant of the dangers, if any, of

---

8. Tex. Pen.Code Ann. § 49.045 (Vernon Supp. 2005).

9. After a defendant enters a guilty plea, the trial becomes a unitary proceeding, and the issues of guilt and punishment cannot be separated. *State v. Kersh*, 2 S.W.3d 636, 638 (Tex.App.-Houston [14th Dist.] 1999), *aff'd*, 127 S.W.3d 775 (Tex.Crim.App.2004). Thus, when a trial court defers a finding of guilt after the entry of a guilty plea, it also defers a finding of true after the entry of a plea of true to the enhancement allegations. *See Washington v. State*, 893 S.W.2d 107, 109 (Tex. App.-Dallas 1995, no pet.) (holding trial court did not err in refusing to allow defendant to withdraw his plea of true after the case had been taken under advisement).

10. Although appellant mentions various inconsistencies between the boilerplate admonishments form and the realities of his situation, such as his waiver of indictment after an indictment had been filed, he does not argue the trial court misled him by incorrectly admonishing him. He argues only that his *attorney* misled him, and that the trial court should have withdrawn his plea because of this.

hybrid representation. *Phillips v. State*, 604 S.W.2d 904, 908 (Tex.Crim.App.1979); *see Robertson v. State*, 934 S.W.2d 861, 865–66 (Tex.App.-Houston [14th Dist.] 1996, no writ) (holding because admonishment is not required for hybrid representation, it is not required for standby counsel). Here, appellant was represented by counsel at all critical stages of his case. Appellant filed a handwritten motion requesting hybrid representation in which he specifically asked that he *not* be required "to waive his right to counsel in order to be permitted to file motions, and not to force him to choose a pro se defense in order to fully exercise his Sixth Amendment rights under the United States Constitution." We find appellant was not entitled to any admonishment from the trial court about hybrid representation. We overrule appellant's second point of error.

Accordingly, the judgment of the trial court is affirmed.

SEYMORE, J., dissents.

CHARLES W. SEYMORE, Justice, dissenting.

Appellant was convicted of a felony and sentenced to prison without a single recorded hearing before the trial court. Notwithstanding appellant's written protests that he believed he was "signing for probation," the majority relies on barely discernible stamps on the trial court's docket sheet coupled with appellant's signature on a discrepant boilerplate form to hold that appellant knowingly and voluntarily entered a plea of guilty. Because appellant's plea is involuntary under both state law and the federal constitution, I respectfully dissent.

## I.  ADEQUACY OF APPELLANT'S BRIEF

The majority suggests that appellant's state-appointed attorney on appeal failed to comply with the Rules of Appellate Procedure. *See* Majority Opinion at 215–16 (citing *Walker v. State*, 654 S.W.2d 61, 62 (Tex.App.-Austin 1983, writ ref'd)). Rule 38.1 of the Texas Rules of Appellate Procedure requires an appellant's brief to include, in relevant part, a statement of facts pertinent to the issues presented and a clear and concise argument including appropriate citations to authorities. TEX. R.APP. P. 38.1(f), (h).

In the statement of facts, occupying over three pages of his brief, appellant directs the court to numerous discrepancies in the trial court's form admonishments. In the section of his brief entitled "Argument and Authorities," appellant states "[i]t is well established that a guilty plea must be freely land (sic) voluntarily entered." Appellant then cites cases in which courts have found pleas involuntary under both state law and the federal constitution because (1) the plea was based on misinformation or incorrect assurances from the trial court, or (2) the trial court rejected the terms of a plea bargain agreement, entitling the defendant to withdraw a plea.

Texas appellate courts have not directly addressed the question as to whether discrepant form admonishments alone are enough to show a defendant entered a guilty plea knowingly and voluntarily. Consequently, appellant cites the two lines of cases most closely analogous to the facts at issue. Courts must interpret the briefing requirements liberally and fairly. *See Morales v. State*, 820 S.W.2d 805, 806 (Tex. Crim.App.1991); *Davis v. State*, 817 S.W.2d 345, 346 (Tex.Crim.App.1991); *see also* Tex.R.App. P. 38.9 (providing that briefing rules should be construed liberally). Accordingly, I conclude that appellant has sufficiently raised the issue as to whether his plea was entered knowingly and voluntarily under both state law and the federal constitution.

## II. DUE PROCESS STANDARD

If a plea is not entered knowingly and voluntarily, it has been obtained in violation of due process and is void. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The voluntariness of a plea is determined by considering "all of the relevant circumstances surrounding it," and must be affirmatively shown in the record. *Brady v. United States* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Erroneous information conveyed to a defendant concerning a matter such as probation will render a guilty plea based on the misinformation involuntary. *Brown v. State,* 943 S.W.2d 35, 42 (Tex.Crim.App.1997); *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex.App.-Houston [1st Dist.] 1996, writ ref'd).

In order to safeguard the constitutional rights of a defendant entering a guilty plea, the trial court must leave a record "adequate for any review that may be later sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories." *Boykin,* 395 U.S. at 244, 89 S.Ct. 1709 (citations omitted). The trial court commits reversible error if the record does not reflect that a defendant fully understands what the plea connotes and the consequences. *Id.* When a defendant enters a plea of guilty, the proceedings before the trial court are unitary, and there is no separate punishment phase. *Carroll v. State,* 975 S.W.2d 630, 632 (Tex. Crim.App.1998). In considering whether a plea is voluntary, we examine the record as a whole. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998); *see Boykin,* 395 U.S. at 242, 89 S.Ct. 1709; *Aguirre–Mata v. State,* 125 S.W.3d 473, 474 (Tex. Crim.App.2003) (noting that there must be an affirmative showing "spread on the record" that a guilty plea was intelligent and voluntary).

## III. ANALYSIS

In his first issue, appellant argues the trial court presented him with a preprinted admonishments form that was improperly executed by his attorney. As a result, appellant claims he mistakenly believed he was "signing for probation," and the plea was therefore "rendered involuntary."

**A. In the absence of an on-record hearing, does appellant's signature on a generic admonishments form "affirmatively show" a guilty plea was entered knowingly and voluntarily?**

The preprinted admonishments form signed by appellant contained provisions waiving oral admonishments and a court reporter. Consequently, the majority holds that "the burden is on appellant to ensure a sufficient record is presented on appeal to establish error." Majority Opinion at *6. This holding opens the door to wholesale circumvention of the requirement that the trial court leave a record "adequate for any review that may be later sought." *See Boykin,* 395 U.S. at 244, 89 S.Ct. 1709.

### 1. Absence of Plea Colloquy

Here, the record does not indicate what inquiries, if any, were made by the trial court to determine whether appellant's plea was entered knowingly and voluntarily. *Cf. Boykin,* 395 U.S. at 239, 89 S.Ct. 1709 ("So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court."). The majority appears to suggest that the trial court has no responsibility to conduct a plea colloquy when a signed preprinted admonishments form contains a provision waiving oral admonishments and a court reporter's record.

Few courts have addressed whether a defendant's signature on a preprinted admonishments form is enough to "affirmatively show" a plea was entered knowingly and voluntarily. Under Federal law, the trial court must conduct an on-the-record examination of the defendant. *See* FED. R.CRIM.P. 11. Most states have adopted similar procedural safeguards.[1] Further,

1. At least thirty-two states and the District of Columbia have adopted procedural rules explicitly requiring the trial court to conduct an on-record plea colloquy: Alabama, AL. R.CRIM. P. 14.4(c); Alaska, ALASKA R.CRIM. P. 11(g); Arizona, Ariz. R.Crim. P. 17.1(d); Arkansas, Ark. R.Crim. P. 24.7; Colorado, Colo. R.Crim. P. 10(d); Connecticut, CT. R.Super. Ct. CR § 39–24; Delaware, De Super. Ct.Crim. P. Rule 11(g); District of Columbia, D.C.SUPER. CT.CRIM. P. RULE 11(g); Florida, Fla. R.Crim. P. 3.170(k); Georgia, Ga. St. Unif.Super. Ct. Rule 33.11; Idaho, IDAHO CRIM. R. 11(c), ID. ST. ADMIN. RULE 27; Illinois, ILL. ST. S.CT. RULE 402(e); Indiana, In. St. RCRP, Rule 10; Iowa, IA R. 2.8(3); Kansas, KAN. STAT. ANN. § 22–3210(4)(b) (1995);Louisiana, LA.CODE CRIM. PROC. ANN. art. 556.1(D) (2003); Maine, Me. R.Crim. P. 11(c)(f); Maryland, MD. RULES 4–242(c); Massachusetts, Mass. R.Crim. P. 12(a); Michigan, Mich. Ct. R. 6.302(f); Minnesota, Mn.Crim. P.R. 15.09; Missouri, Mo. Criminal Procedure Rule 24.03; Nevada, *e.g.*, Nv St. 8 Dist. Ct. Rule 1.48(i); New Mexico, N.M. R. DIST. CT. RCRP 5–303(H); North Carolina, N.C. Gen.Stat. Ann. § 15A–1026 (West 2006); North Dakota, N.D. R.CRIM. P. 11(e); Pennsylvania, Pa. R.Crim. P. 590(A); South Dakota, S.D. Codified Laws § 23A–7–15 (2006); Tennessee, TENN. R.CRIM. P. 11(g); Utah, UTAH CODE ANN. § 77–13–4 (1980); Vermont, VT. R.CRIM. P. 11(g); West Virginia, W.Va. R.Crim. P. 11(g); Wyoming, Wyo. R.Crim. P. 11(g).

Courts in at least eight states without explicit procedural rules requiring an on-record colloquy have held that an on-record plea colloquy is nonetheless required. *See State v. Vaitogi*, 59 Haw. 592, 585 P.2d 1259, 1265 (1978) ("at a minimum, the court should make an affirmative showing by an on-the-record colloquy between the court and the defendant"); *Edmonds v. Com.*, 189 S.W.3d 558, 565 n. 3 (Ky.2006) ("failure to conduct a *Boykin* hearing on the record constitutes reversible error"); *Nelson v. State*, 626 So.2d 121, 126 (Miss.1993) (holding a standardized waiver form and defendant's attestation in open court that he understood the form insufficient; rather, the court must conduct a face-to-face exchange); *State v. Arsenault*, 897 A.2d 988, 992 (N.H.2006) (reminding "trial

courts that a colloquy is constitutionally required when a defendant pleads guilty"); *King v. State*, 553 P.2d 529, 534–36 (Okla. Crim.App.1976) (requiring trial court's inquiry into the voluntariness of a defendant's plea appear on the record); *State v. Frazar*, 822 A.2d 931, 935 (R.I.2003) (holding that a trial court must conduct an on-the-record examination of the defendant before he enters a plea); *State v. Armstrong*, 263 S.C. 594, 211 S.E.2d 889, 890 (1975) (determining that the "essence of *Boykin* was to make the requirements of Rule 11 [of the Federal Rules of Criminal Procedure] applicable to the states"); *Wood v. Morris*, 87 Wash.2d 501, 554 P.2d 1032, 1037–38 (1976) (noting that the Washington rules concerning pleas were modeled after Rule 11 of the Federal Rules of Criminal Procedure and holding that the rules should be construed the same).

Relevant procedural rules in the remaining states are as follows: California, Cal.Penal Code Ann. §§ 1016–18 (West 1985) (providing that a guilty plea may be entered orally or in writing); Montana, MONT.CODE ANN. §§ 46–12–210, 46–16–105 (providing that a defendant must enter a plea in open court but that certain statutory admonishments may be accomplished by a written acknowledgment filed by the defendant); Nebraska, *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879, 883 (1983) (holding in relevant part that the trial court must examine the defendant to determine whether the defendant understood the trial court's admonishments and noting that the record must establish that there is a factual basis for the plea and the defendant was advised of the range of penalties for the offense charged); New Jersey, N.J. Ct. Rules R. 3:9–2, 9–3 (requiring the trial court to conduct an inquiry of the defendant personally to determine whether the plea is voluntary and specifying that a plea agreement must be disclosed on the record in open court); New York, N.Y.CRIM. PROC. LAW § 220.50 (McKinney 2006) (providing that in felony cases a plea must be entered by the defendant orally and in person); Ohio, OH. CRIMINAL PROCEDURE RULE 11 (c), (f) (providing that the trial court must inquire as to whether the plea was entered voluntarily and specifying that negotiated plea

although there is some disagreement as to the extent of the inquiry required when a defendant signs standardized forms, courts addressing the issue appear to agree that, at a minimum, the record must indicate the trial court inquired as to whether the defendant understood the forms. *See Cooper v. State,* 53 Ala.App. 36, 297 So.2d 169, 173 (1973) (rejecting the argument that a preprinted form was sufficient to show a knowing and voluntary plea and holding that there "[m]ust be a personal interrogation by the trial judge and a record made of the defendant's responses to the judge's inquiries"); *In re Ibarra,* 34 Cal.3d 277, 193 Cal.Rptr. 538, 666 P.2d 980, 984–85 (1983) (holding that when a defendant signs a preprinted waiver form, the judge "need only determine whether the defendant had read and understood the contents of the form and discussed them with his attorney"), *abrogated by People v. Mosby,* 33 Cal.4th 353, 15 Cal.Rptr.3d 262, 92 P.3d 841, 844–45 (2004) (applying totality-of-the-circumstances test); *State v. Arsenault,* 897 A.2d 988, 992–93 (N.H.2006) (concluding that a plea colloquy is constitutionally required and a defendant's signature on acknowledgment and waiver-of-rights form is insufficient to meet due-process standards); *see also Dean v. State,* 901 S.W.2d 323, 328 (Mo.Ct.App.W.D.1995) (concluding that a defendant must show prejudice if trial court relies on written form and cursory on-record inquiry to determine whether the defendant understood the form); *People v. Van Hook,* 36 Colo.App. 226, 539 P.2d 507, 508–09 (App.1975) (holding that a printed form signed by the defendant is "no substitute" for the requirement that the trial court personally inquire as to whether the defendant understood his rights and was entering the plea knowingly and voluntarily).

In addition, the same standard—that "the record must show, or there must be an allegation and evidence which show," the defendant acted intelligently and understandingly—applies to both waivers of the right to counsel and guilty pleas. *See Boykin,* 395 U.S. at 242, 89 S.Ct. 1709 (discussing the standard applicable to waivers of the right to counsel and concluding that the same standard must be applied to determine whether a guilty plea is voluntary). In cases involving waivers of the right to counsel, courts have concluded that a defendant's signature on a standard, preprinted waiver form is insufficient to show the waiver was entered knowingly and voluntarily. *See Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (concluding that the trial court's cursory examination of the defendant followed by the defendant's signing of a standard waiver form was inadequate under the circumstances to show a valid waiver); *Henderson v. Frank,* 155 F.3d 159, 166–67 (3rd Cir.1998) (rejecting the argument that the defendant's signature on a preprinted waiver form was sufficient to show a valid waiver and noting "[w]hether it be a U.S. District Judge or a U.S. Magistrate Judge in a federal prosecution or a state judge in a state criminal proceeding, the trial judge must conduct a colloquy with the accused to determine

agreements must be entered on the record in open court); Oregon, Or.Rev.Stat. Ann. §§ 135 360, 135.385 (providing that a trial court must address the defendant personally and in open court to determine whether the plea was knowing and voluntary); Virginia, VA. SUP.CT. RULE 3A:8(b) (providing that a court shall not accept a plea of guilty to a felony without first determining the plea is made voluntarily and with an understanding of the nature of the charges and consequences of the plea); Wisconsin, WIS. STAT. ANN. § 971.08 & cmt. (West 1998) (providing that the trial court shall address the defendant personally to determine whether the plea is voluntary and commenting that the section is modeled after Rule 11 of the Federal Rules of Criminal Procedure).

that the waiver is not only voluntary, but knowing and intelligent").

Here, the record reflects that appellant signed preprinted admonishments and waiver forms, but it does not reflect even a cursory inquiry as to whether appellant understood the forms. In the absence of any inquiry to shed light on appellant's understanding, the record does not "affirmatively show" that the plea was entered knowingly and voluntarily.

2. *Presumption of Regularity to Court Proceedings*

Moreover, to the extent the majority relies on stamps on the docket sheet and conclusory assertions on the waiver and admonishments forms that appellant knowingly and voluntarily entered his plea, the reliance is misplaced. Contrary to the majority's suggestion otherwise, a reviewing court may not rely on the presumption of regularity to court proceedings to presume a defendant's plea was knowingly and voluntarily entered. *See* Majority Opinion at *6 (asserting "we presume recitals in the court documents are correct unless the record affirmatively shows otherwise").

In cases involving both guilty pleas and waivers of the right to counsel, there must be an affirmative showing that the defendant acted intelligently and voluntarily. *See Boykin*, 395 U.S. at 242, 89 S.Ct. 1709. In *Goffney v. State,* the Criminal Court of Appeals addressed the question as to whether the "presumption of regularity" applies when the defendant waives his right to counsel. 843 S.W.2d 583, 584 (Tex.Crim.App.1992). In *Goffney,* the defendant waived a record of the proceedings, but the judgment stated the defendant "knowingly, intelligently and voluntarily waived his right to counsel." *Id.* The Court held that the presumption of regularity did not apply because "[t]he focus of the analysis when a defendant asserts his right of self-representation is not solely on whether there was an actual waiver of the right to counsel, but whether the defendant was aware of the dangers and disadvantages of self-representation." *Id.* at 585. Similarly, here the focus of the analysis is whether the defendant was aware of the relevant circumstances and likely consequences of his plea. *See Brady,* 397 U.S. at 748, 90 S.Ct. 1463; *cf. Boykin,* 395 U.S. at 245 & n. 1, 89 S.Ct. 1709 (Harlan, J., dissenting) (noting that, although the record stated the defendant appeared in open court with his attorney to enter a plea of guilty, the record did not reflect "what inquiries were made by the arraigning judge to confirm the plea was made knowingly and voluntarily"). Consequently, the trial court's failure to conduct an on-record inquiry to determine whether appellant had a full understanding of the plea and its consequences violated appellant's rights under the due process clause of the Fourteenth Amendment to the United States Constitution and rendered his plea involuntary.

**B. If signed waiver and admonishments forms are generally sufficient to affirmatively show a plea was entered knowingly and voluntarily, were the forms sufficient in this case?**

Even if signed waiver and admonishments forms are generally sufficient to prove a plea was knowing and voluntary, the improper execution of the forms in this case rendered appellant's plea involuntary. Moreover, the record "affirmatively shows" that appellant was unaware of the consequences of his plea and was misled or harmed by the forms. Therefore, the forms are also insufficient under the Texas Code of Criminal Procedure. *See* Tex. Crim. Proc.Code Ann. art. 26.13(c) (providing that substantial compliance in admon-

ishing the defendant is sufficient unless he affirmatively shows he was not aware of the consequences of his plea and was misled or harmed).

### 1. Discrepancies in the Forms as Applied to Appellant

Before entering the plea, appellant signed a form entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and another form entitled "Admonishments." Both forms were also signed by the trial court, the State's attorney, and appellant's attorney. Appellant initialed paragraphs in the admonishments form stating that he understood the admonishments, the applicable punishment range, the consequences of his plea, and that he "freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of [his] attorney." The "Waiver of Constitutional Rights" form contained a statement

affirming that the trial court admonished the defendant of the consequences of his plea and ascertained that the plea was entered knowingly and voluntarily. The admonishments form contained two paragraphs providing that the defendant waived "the right to have the trial court orally admonish me" and "the right to have a court reporter record my plea." Both paragraphs were initialed by appellant. There is no court reporter's record of the proceedings.

Appellant's admonishments form indicates that appellant's attorney explained the possibility of deferred adjudication pursuant to a nonexistent section 3d under article 42.12 of the Texas Code of Criminal Procedure.[2] A "Motion for Community Supervision" was also filed with the forms the day of the plea. However, appellant asserts, and the State does not dispute, that he was ineligible for probation.[3] Oth-

---

**2.** Paragraph eleven of the preprinted admonishments form was initialed by appellant and expresses, in relevant part, that the provisions of the form "were explained to me in that [the English] language by my attorney." Paragraph seven of the form, also initialed by appellant, reads as follows:

> I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec.3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred.

However, there is no section 3d(a) under Article 42.12 of the Texas Code of Criminal Procedure. *See* TEX.CRIM. PROC.CODE ANN. art.

42.12 (Vernon Supp.2005) (reserving sections 3a to 3f by the notation [Blank]).

**3.** The majority suggests that appellant was properly admonished as to deferred adjudication. *See* Majority Opinion at *8. However, there are three different forms of probation available under article 42.12 of the Texas Code of Criminal Procedure: (1) judge ordered community supervision; (2) deferred adjudication probation; and (3) the state boot camp program, or "shock" probation. *See* TEX.CRIM. PROC.CODE ANN. art. 42.12 (Vernon Supp.2005) The term "probation" is used interchangeably to refer to each form. *Rodriguez v. State*, 939 S.W.2d 211, 220 (Tex.App.-Austin 1997, no pet.). Here, because the admonishments form referenced a nonexistent section of the Code of Criminal Procedure concerning deferred adjudication, but a "motion for community supervision" was filed with the trial court, it is unclear for which form of probation appellant was admonished. Driving while intoxicated with a child passenger is a state jail felony punishable under section 12.35 of the Texas Penal Code. Tex. Pen.Code Ann. §§ 12.35, 49.045(b). Appellant was therefore ineligible for judge ordered community supervision and the state boot

er indications that appellant was misinformed appear on the face of the admonishments form. For example, appellant initialed a provision waiving indictment, but appellant had been indicted months earlier. Appellant also initialed a provision to waive a pre-sentence investigation contrary to a prior agreement to conduct the investigation. Further, the words the "court will permit you to withdraw your plea of guilty or nolo contendere" are underlined on the admonishments form in a paragraph initialed by appellant. This provision applied only if the Court rejected any plea bargain agreement, and thus supports appellant's claim that he was told he was signing a plea agreement for probation. Because it appears from the record that appellant did not have the benefit of a plea agreement, the provision was inapplicable. In another form labeled "Trial Court's Certification of Defendant's Right to Appeal," also executed the day of the plea, the option indicating that the case before the court "is a plea-bargain case, and the defendant has NO right of appeal" was selected and then crossed-out.

As the majority notes, appellant's PSI report indicates that the State dismissed a charge against appellant for burglary with intent to commit a felony on the same day appellant entered his guilty plea in this case. *See* Majority Opinion at *2 n. 2. Appellant's PSI report also contains the following statements:

In a brief interview with the defendant, he advised this Officer he did not want to do this presentence report. He reported his attorney did not tell him the truth pertaining to this. He advised, his attorney told him the Judge would consider given (sic) him probation if he plead guilty.

Before the sentencing hearing but after he entered his plea, appellant filed three hand-written motions: (1) "Motion to Dismiss Court Appointed Counsel and Appoint New Counsel to Act on Behalf of Defendant;" (2) "Motion for Hybrid Representation," and (3) "Defendant's Motion to have Written Rulings on all Motions Filed by Defendant." In appellant's handwritten motion to dismiss court-appointed counsel, he "declar[ed] under penalty of perjury" that his attorney was "lying to me, telling I'm signing for probation, come to find out it was something different."

Appellant's attorney filed a "Motion To Have Official Court Reporter Make a Full Record" that included "all pretrial hearings" and "all sentencing proceedings." However, the court reporter was not present during appellant's sentencing hearing.

*2. Appellant's "Heavy Burden"*

The Texas Code of Criminal Procedure allows the trial court to make certain admonishments orally or in writing. TEX. CRIM. PROC.CODE ANN. art. 26.13(c). The majority therefore concludes that the appellant was "properly admonished." *See* Majority Opinion at 219.[4] Further, because

---

camp program. *See* Tex.Crim. Proc.Code Ann. art. 42.12 §§ 3(e)(2), 8(e)(3).

**4.** The admonishments specified under the Code of Criminal Procedure are not constitutionally required. *See Aguirre–Mata,* 125 S.W.3d at 475 (noting that *"Boykin"* did not specifically set out what due process requires to be "spread on the record"). By focusing solely on whether technical compliance with the Code of Criminal Procedure was achieved, the majority perverts the due pro-

cess inquiry. No rote recitation is sufficient in every case to satisfy due process requirements; rather, the focus of the due process inquiry is on the particular defendant's understanding of the plea and its consequences. *See id; see also McCarthy,* 394 U.S. at 467 n. 20, 89 S.Ct. 1166 (noting that the nature of the plea inquiry will necessarily vary from case to case and "matters of reality, not mere ritual should be controlling"). Providing a defendant with virtual copies from the Code of Criminal Procedure does not show

appellant signed the forms after having been "properly admonished," the majority imposes a "heavy burden" on appellant to prove his plea was involuntary. *See id.* at 219.

The Fifth Circuit has held that a defendant's prior attestation of voluntariness at a "Rule 11 hearing"—a hearing held pursuant to Rule 11 of the Federal Rules of Criminal Procedure—imposes a "heavy burden" on the defendant to show the plea is involuntary in a post-conviction proceeding. *U.S. v. Diaz,* 733 F.2d 371, 374 (5th Cir.1984); *see also Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (noting that "solemn declarations in open court carry a strong presumption of verity"). Texas appellate courts appear to have adopted the "heavy burden" standard. *See Thornton v. State,* 734 S.W.2d 112, 113 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd) (citing *Diaz,* 733 F.2d at 373, 374); *see also Coronado v. State,* 25 S.W.3d 806, 809 (Tex.App.-Waco 2000, pet. ref'd) (citing *Cantu v. State,* 988 S.W.2d 481, 484 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd)); *Cantu,* 988 S.W.2d at 484 (citing *Sawyer v. State,* 778 S.W.2d

541, 543 (Tex.App.-Corpus Christi 1989, writ ref'd); *Sawyer,* 778 S.W.2d at 543 (citing *Thornton,* 734 S.W.2d at 113).) However, unlike the Federal Rules of Criminal Procedure, the Texas Rules do not expressly require the trial court to admonish the defendant or inquire as to the voluntariness of a guilty plea in an on-record hearing. *Compare* Fed.R.Crim.P. 11(b), 11(g) (providing that the trial court must address the defendant personally in open court and on the record prior to accepting a guilty plea), *with* TEX.CRIM. PROC.CODE ANN. arts. 26.13, 27.13 (providing the court may admonish a defendant in writing and not requiring a record of the plea proceeding). Here, where the trial court relied solely on preprinted form admonishments and failed to conduct an on-record plea hearing, the "heavy burden" standard is inappropriately applied.

Moreover, the "heavy burden" standard arguably conflicts with a line of cases holding that a trial court has a duty to sua sponte withdraw a plea when there is evidence that indicates that plea was not made knowingly and voluntarily.[5] *See Co-*

---

that the defendant has an understanding of the law as it applies to him. By relieving the trial court of any responsibility to inquire as to the defendant's understanding, the majority threatens one of the last remaining bulwarks protecting constitutional rights against systemic pressures on a defendant to enter a guilty plea. A system which allows an individual to be imprisoned solely on the basis of a signature on misleading and inaccurate government forms is offensive to fundamental notions of justice. The majority not only sanctions this practice, but also effectively immunizes such convictions from meaningful review. *Cf. McCarthy,* 394 U.S. at 468, 89 S.Ct. 1166 (commenting on the subjective nature of the inquiry, and noting that a defendant will "rarely, if ever" be able to corroborate his own allegations that he did not understand the nature of the charge).

5. The majority states that "a trial judge is not required to sua sponte withdraw a defen-

dant's guilty plea, even if evidence is brought to the judge's attention making the defendant's innocence evident." *See* Majority Opinion at 219. However, evidence that a defendant is not guilty is not necessarily also evidence that a guilty plea was not made knowingly and voluntarily. *See North Carolina v. Alford,* 400 U.S. 25, 37–39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (declining to hold that a trial court should have rejected a defendant's guilty plea to a lesser-included offense because the defendant maintained his innocence and noting that "prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render these constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve").

In order to ensure that a guilty plea was entered knowingly and voluntarily, Texas courts formerly had an affirmative duty to sua

*ronado v. State*, 25 S.W.3d 806, 808–09 (Tex.App.-Waco 2000, pet. ref'd) (noting the trial court must withdraw a plea of guilty when evidence is raised that directly indicates the plea was involuntary); *Owens v. State*, 836 S.W.2d 341, 344 (Tex.App.-Fort Worth 1992, no writ) (per curiam) (same).

The "heavy burden" standard also conflicts with the standard specified in the Texas Code of Criminal Procedure. Because the admonishments contained many discrepancies as applied to appellant, the forms represent, at most, "substantial compliance" with the Texas Code of Criminal Procedure. However, substantial compliance is insufficient if there is an affirmative showing that the defendant was unaware of the consequences of his plea and misled or harmed by the admonishments. TEX.CRIM. PROC.CODE ANN. art. 26.13(c); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998). The Code of Criminal Procedure does not place a "heavy burden" on the defendant to make this showing. *See* Tex.Crim. Proc.Code Ann. art. 26.13(c); *Martinez*, 981 S.W.2d at 197.

### 3. Substantial Compliance under the Texas Code of Criminal Procedure

When written admonishments contain numerous errors and the record affirmatively shows the defendant suffered harm, the admonishments are not sufficient. *See* TEX.CRIM. PROC.CODE ANN. art. 26.13(c). Here, the State relies solely on written admonishments to prove that appellant's plea was entered knowingly and voluntari- ly. The admonishments form, signed by appellant and approved by appellant's attorney, the State's attorney, and the trial court, contains a provision in which appellant waived oral admonishments. The record does not show that the trial court addressed appellant at any time to clarify and correct the discrepancies contained in the written admonishments. Further, the trial court failed to ensure a court reporter's presence at the sentencing hearing. *See* Tex.R.App. P. 13.1 (requiring a court reporter to record all proceedings unless excused by agreement of the parties).

In viewing the record as a whole, we are thus presented with uncontroverted evidence that appellant agreed to plea guilty because he thought he was "signing for probation." Appellant's assertions are consistent with and supported by numerous discrepancies on the face of the forms filed the day of his plea. Under these circumstances, appellant has affirmatively shown that he was misled by the trial court's written admonishments and did not understand the consequences of his plea.

### IV. CONCLUSION

Because the trial court failed to conduct a plea colloquy, the forms signed by appellant contained numerous discrepancies, and the record reflects appellant's uncontroverted assertions he believed he was "signing for probation," appellant's plea was involuntary under both state law and the federal constitution. Accordingly, I would sustain appellant's first issue and

---

sponte withdraw a guilty plea entered before the court or jury when the evidence reasonably and fairly raised an issue concerning the accused's innocence. *See Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App.1986); *Moon v. State*, 572 S.W.2d 681, 682 (1978). In *Moon*, the Court of Criminal Appeals abrogated the requirement that a trial court sua sponte withdraw a guilty plea entered before the court when evidence raises a question concerning the defendant's innocence. 572 S.W.2d at 681. However, courts have held *Moon* inapplicable in cases when the evidence raised directly concerns the voluntariness of the plea. *Coronado v. State*, 25 S.W.3d 806, 808–09 (Tex.App.-Waco 2000, pet. ref'd) (citing *Owens v. State*, 836 S.W.2d 341, 344 (Tex. App.-Fort Worth 1992, no writ) (per curiam)).

reverse and remand for further proceedings in the trial court.