Opinion issued November 15, 2007















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00830-CR




JOSE EDUARDO LOVO, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1043004




MEMORANDUM OPINION
          Appellant, Jose Eduardo Lovo, pleaded guilty, without an agreed punishment
recommendation by the State, to aggravated sexual assault of his own child, and the
jury assessed his punishment at 35 years in prison. See Tex. Pen. Code Ann.
§ 22.021(a)(1)(B)(i), (2)(B) (Vernon 2003). We determine whether the trial court’s
instruction to find appellant guilty based on his guilty plea to the jury constituted
error. We affirm.
Background
          On the morning that trial was set to begin, appellant informed the trial court
that he wished to enter a guilty plea before the jury. Appellant pleaded guilty, and the
trial court proceeded with the punishment phase of the trial. The State put on
testimony to show the elements of the crime. The complainant testified about the first
time that she was sexually assaulted: after having seen her father and his girlfriend
have sex, she returned to sleep, only to wake up to the pain of her father’s penetrating
her sexually while his girlfriend was washing up. The complainant had been pulled
to the edge of the bed, her younger sister still asleep next to her in the bedroom that
they shared with their father and his girlfriend. The complainant was nine years old. 
After the June 1, 2000 sexual assault, appellant engaged in sex with his daughter
again when she was 10, 11 or 12, and 14 years old. During the last sexual assault,
appellant showed his daughter a pornographic videotape before forcing her to the
floor, despite her vocal protests and attempts to push him off.
Instructed Guilty Verdict
          In his sole point of error, appellant contends that the trial court erred in
instructing the jury to find him guilty in the absence of his waiver of a jury trial at
guilt-innocence. Appellant’s complaint on appeal is not directed at jury-charge error
so much as it is directed at the trial court’s allegedly usurping the jury’s function of
finding appellant guilty by instructing it to do so. Appellant contends that this
constituted structural error.
          Appellant argues that the trial court failed to comply with article 1.15 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 1.15. 
(Vernon 2005). The State points out that article 1.15 governs guilty pleas to the
court, whereas article 26.14 is the provision applicable to guilty pleas to the jury: 
JURY ON PLEA OF GUILTY. Where a defendant in a case of felony
persists in pleading guilty . . . if the punishment is not absolutely fixed
by law, a jury shall be impaneled to assess the punishment and evidence
may be heard to enable them to decide thereupon, unless the defendant
in accordance with Articles 1.13 or 37.07 shall have waived his right to
trial by jury. 
Id. art. 26.14 (Vernon 1989) (emphasis added). In Holland v. State, the Court of
Criminal Appeals stated:
It is well established in a felony case where a defendant has entered a
guilty plea before the jury, because there remains no issue of guilt to be
determined, it is proper for the trial judge in his charge to instruct the
jury to return a verdict of guilty, charge the jury . . . as to the punishment
issues and then instruct them to decide only those issues.

Id., 761 S.W.2d 307, 313 (Tex. Crim. App. 1988). Furthermore, “a combination
instructed verdict and charge on punishment” is not error. Id. After a guilty plea, the
trial is “unitary” and merges into the punishment phase. Houston v. State, 201
S.W.3d 212, 221 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing Carroll v.
State, 975 S.W.2d 630, 632 (Tex. Crim. App. 1998)). 
          Because this case involved a guilty plea to the jury, the trial court did not err
in instructing the jury to find appellant guilty based on his plea and to proceed to
determine punishment. We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. See Tex. R. App. P. 47.2(b).