Affirmed and Memorandum Opinion
filed March 10, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00070-CR



Miguel
Contreras, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 1134753



 

MEMORANDUM OPINION 

Appellant Miguel Contreras[1] pleaded
guilty to aggravated robbery and was sentenced by the trial court to five years’
imprisonment.  In his sole issue, appellant contends that a written waiver in
the plea documents rendered his plea unknowing, unintelligent, and involuntary
because it gave him the false impression that a presentence investigation
report would not be ordered or used by the trial court during sentencing.  We
affirm. 

 

I.                  
Background

Appellant
pleaded guilty to the felony offense of aggravated robbery without an agreed
recommendation as to punishment.  The record contains a “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession” and
“Admonishments, Statements and Waivers” signed by appellant.  A presentence
investigation report was ordered.  The trial court held a sentencing hearing,
at which the presentence investigation report was jointly offered by the State
and appellant’s trial counsel.  The trial court admitted it as Joint Exhibit
1.  At the conclusion of the hearing, the trial court, having previously
accepted appellant’s guilty plea, found appellant guilty and sentenced him to
five years in prison. 

II.              
Analysis

Appellant
contends that the written waiver concerning the preparation of a presentence
investigation report rendered his guilty plea unknowing, unintelligent, and
involuntary because it gave him the false impression that such a report would
not be ordered or used by the trial court during sentencing.  In addition, appellant argues that an inconsistency in
the plea documents rendered his guilty plea involuntary on its face and he is,
therefore, not required to establish on appeal that his plea was involuntary.  Appellant
claims that he was harmed by the presentence investigation report because a
reference in the report was “most likely” damaging to his request for deferred
adjudication probation.[2]

The
waiver in question is found in the record in the “Admonishments, Statements and
Waivers” document.  The waiver reads: 

I understand that before sentence may be imposed, the Court
must order a preparation of a Presentence Investigation Report by the probation
officer pursuant to Article 42.12, Sec. 9 V.A.C.C.P.  I have thoroughly
discussed this matter with my attorney and believe that for the Court to compel
me to participate in the preparation of such a report would abridge the
protection provided me by the Constitution of the United States and the
Constitution and laws of the State of Texas and could result in further
prejudice to me.  Therefore, I hereby in writing respectfully decline to
participate in the preparation of a Presentence Investigation Report and request
that said report not be made prior to the imposition of sentence herein.  I
further knowingly, voluntarily, and intelligently waive any right which I may
have to the preparation of said report either under Article 42.12, Sec. 9,
V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P. 

Appellant argues that this waiver
conflicts with the “Waiver of Constitutional Rights, Agreement to Stipulate,
and Judicial Confession” form, which contains a handwritten notation of
“presentence investigation requested.”  It is unclear from the record who
requested the report. 

            A defendant must
knowingly and voluntarily enter his guilty plea for the plea to be
constitutionally valid.  See Fuller v. State, 253 S.W.3d 220, 229
(Tex. Crim. App. 2008).  In considering the voluntariness of appellant’s guilty
plea, we examine the record as a whole.  Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998) (per curiam).  If the trial court properly
admonished the defendant before a guilty plea was entered, there is a prima
facie showing that the plea was both knowing and voluntary.  Id.  The
burden then shifts to the defendant to show that he pled guilty without
understanding the consequences of his plea, and consequently, suffered harm.  Houston
v. State, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no
pet.).  A defendant who attests during an initial plea hearing that his plea is
voluntary bears a heavy burden to later establish that he entered the plea
involuntarily.  Id.; Jones v. State, 855 S.W.2d 82, 84 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref’d).  Further, where, as here, a
defendant waives his right to have a court reporter record the plea proceedings
and, thereafter, challenges on appeal the voluntariness of his plea, he
nevertheless retains his burden to ensure that a sufficient record is presented
on appeal to establish error.  Houston, 201 S.W.3d at 217.  

In this case, the record contains the written
documents, initialed and signed by appellant, and showing that he was
admonished with the admonitions listed in Texas Code of Criminal Procedure
article 26.13.  Appellant attested by his initials and signature that his plea
was voluntary and that he understood its consequences.  The documents were also
signed by appellant’s trial counsel and the trial court.  Therefore, it is
appellant’s burden to establish that his plea was involuntary.

Contrary to appellant’s argument, the language of the
waiver in question does not create an impression that appellant can prevent the
trial court from ordering or reviewing a presentence investigation report.  The
waiver states that appellant “declines” to participate in the preparation of
the report and “requests” that the report not be made.  Its language does not,
however, forbid the trial court from ordering the report.  In fact, the first
sentence acknowledges that the trial court must order the presentence investigation
report as required by the Texas Code of Criminal Procedure.[3]  Furthermore,
the trial judge was authorized by the Texas Code of Criminal Procedure to use
the report in sentencing appellant.[4] 
Once the report was prepared, appellant’s trial counsel did not object to the
admission of the report at the sentencing hearing.  In fact, both appellant’s
trial counsel and the State offered the report as Joint Exhibit 1.  

Under these circumstances, we conclude that appellant
has not met his burden to establish that his plea was involuntary.  We overrule
appellant’s sole issue. 

III.           
Conclusion

Accordingly, we affirm the judgment of the trial
court.  

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b). 









[1]
The judgment refers to appellant as Miguel Angel Contreras; the notice of
appeal lists appellant’s name as Miguel Contreras.





[2]
Appellant filed a motion for community supervision and argued for community
supervision at the sentencing hearing; the record does not indicate that
appellant specifically requested deferred adjudication community supervision. 
Appellant was not eligible for “regular” community supervision.  See
Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (West Supp. 2009).





[3]
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (West
Supp. 2009) (“Except as provided by Subsection (g) of this section, before the
imposition of sentence by a judge in a felony case . . . the judge shall direct
a supervision officer to report to the judge in writing on the circumstances of
the offense with which the defendant is charged, the amount of restitution
necessary to adequately compensate a victim of the offense, the criminal and
social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge.”).  Subsection (g) states that
the trial court is not required to direct an officer to prepare a presentence
report in a felony case if punishment is to be assessed by a jury, the
defendant is convicted of or enters a plea to capital murder, the only
available punishment is imprisonment, or the judge intends to follow a plea
agreement in which the defendant agrees to a term of imprisonment. See id.
art. 42.12, § 9(g).  None applies to appellant’s case with the possible exception
of the only available punishment being imprisonment.  Assuming that appellant
was eligible for deferred adjudication community supervision, this exception
did not apply either.  In that case, the trial court was required to order a
report. 





[4]
See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c) (“The judge may not
inspect a report and the contents of the report may not be disclosed to any
person unless: (1) the defendant pleads guilty or nolo contendere or is
convicted of the offense.”).