**Reversed and Remanded and Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00888-CR

_____

**MARIBEL SALDIVAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1476290**

## O P I N I O N

On October 3, 2017, we withdrew an opinion in this case that had issued that same day. Today, we issue this substitute opinion, without changing our prior disposition.

After appellant was stopped for a traffic violation, police discovered fifteen packages hidden within her vehicle containing more than 14 kilograms of heroin and cocaine. Appellant confessed to trafficking the drugs, which had a street value of

more than $1.4 million. Appellant told investigators that someone had convinced her to smuggle the drugs into this country from Mexico in exchange for $12,000.

Appellant was indicted for possessing at least 400 grams of heroin with the intent to deliver. That charge was eventually reduced to possessing between 200 and 400 grams of heroin with the intent to deliver. Appellant pleaded guilty to the reduced charge without an agreed recommendation as to punishment. The trial court accepted appellant's plea and assessed her punishment at twenty-five years' imprisonment, without a fine.

Appellant now raises three issues in this court. We address those issues in reverse order because, if meritorious, her third issue would afford greater relief than her second issue, and her second issue would afford greater relief than her first issue.

***Jurisdiction.*** Appellant contends that the trial court lacked jurisdiction to adjudicate her case because the indictment was returned from a grand jury impaneled by a different district court. We have already rejected this jurisdictional challenge in another case, and we will do so again here. *See Matthews v. State*, No. 14-16-00913-CR, — S.W.3d —, 2017 WL 3271195 (Tex. App.—Houston [14th Dist.] Aug. 1, 2017, pet. filed).

A trial court is vested with jurisdiction once it is presented with an indictment. *See State v. Dotson*, 224 S.W.3d 199, 204 (Tex. Crim. App. 2007). Presentment occurs when the indictment is delivered by the grand jury to either "the judge or clerk of the court." *Id.* (citing Tex. Code Crim. Proc. art. 20.21).

In counties with more than one district court, such as Harris County, where this case originates, all of the district courts share the same district clerk. *See Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993) ("Since the district clerk is the clerk of a specific *county*, he or she is the clerk of the court for all the

district courts in that county."), *superseded by statute on other grounds as stated in Ex parte Burgess*, 152 S.W.3d 123, 124 (Tex. Crim. App. 2004). They also share the same felony jurisdiction. *See* Tex. Code Crim. Proc. art. 4.05. This shared administration allows the district judges to "adopt rules governing the filing and numbering of cases, the assignment of cases for trial, and the distribution of the work of the courts as in their discretion they consider necessary or desirable for the orderly dispatch of the business of the courts." *See* Tex. Gov't Code § 24.024. Pursuant to these rules, the district judges may agree to transfer a case from one district court to another district court within the same county, even though the indictment was returned by a grand jury impaneled by the originating district court. *See Davis v. State*, 519 S.W.3d 251, 255 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Henderson v. State*, No. 01-16-00729-CR, — S.W.3d —, 2017 WL 3526714, at *2 (Tex. App.—Houston [1st Dist.] Aug. 17, 2017, pet. filed).

In appellant's case, the indictment was returned by the grand jury for the 232nd District Court of Harris County. The indictment bears the file stamp of the Harris County District Clerk, which evidences its presentment. *See Dotson*, 224 S.W.3d at 204. The indictment also shows that the Harris County District Clerk filed the case with the 184th District Court of Harris County, which entered the judgment under review in this appeal. On these facts, we conclude that there is no jurisdictional defect. *See Matthews*, 2017 WL 3271195, at *2 (holding that the 182nd District Court of Harris County was vested with jurisdiction after being presented with an indictment returned by the grand jury impaneled by the 179th District Court of Harris County and filed with the Harris County District Clerk).

We overrule this issue.

***Voluntariness of Guilty Plea.*** The judge advised appellant at her plea hearing that the State had agreed to reduce the charged offense. The judge then admonished

3

appellant that if she pleaded guilty to the reduced charge, she would be sentenced to a term of no less than ten years' imprisonment and she would face a fine of no more than $100,000. Appellant pleaded guilty, stating that she understood the consequences of her plea, and the judge reset the case for a sentencing hearing.

Appellant's plea paperwork reflected the State's agreement to reduce the charged offense, but the paperwork contained a mistake. The prosecutor made a handwritten notation that the State "moves to reduce to ten to life"—which is the punishment range for possessing between 200 and 400 grams of heroin with the intent to deliver—but the prosecutor did not correct the typed portion of the plea paperwork stating that the offense was possessing at least 400 grams of heroin with the intent to deliver.

Months later, when appellant appeared for her sentencing, the judge noticed that the written admonishments contained incorrect information about the applicable punishment range. The admonishments said that appellant would be sentenced to a term of no less than fifteen years, which is the applicable punishment range for the greater offense with which appellant had originally been charged.

The prosecutor agreed that the admonishments contained a mistake, but the discussion that followed suggested that there was still uncertainty as to the correct offense and its applicable punishment range. The prosecutor said at one point that the charge had been reduced to possession of between 4 and 200 grams of heroin with the intent to deliver. Later, the prosecutor said that he had misspoke, and that the reduced charge had only been for possession of between 200 and 400 grams of heroin with the intent to deliver, which was the same charge to which appellant had pleaded guilty at the previous hearing. The judge briefly recessed the proceeding, explaining that she wanted the parties to "figure this out, because we want to make sure we have the punishment range right before we go any further."

4

After the recess, the prosecutor repeated that the charge was for possession of between 200 and 400 grams of heroin with the intent to deliver, which carried a punishment of range of no less than ten years' imprisonment, with a fine of up to $100,000. The judge decided to correct appellant's plea paperwork and take her plea again, stating that appellant had not been admonished properly at the earlier plea hearing.

As she was administering the plea, the judge noticed that the written admonishments still contained a mistake because one part said that appellant would be sentenced to no less than ten years' imprisonment and another part said that she would be sentenced to no less than fifteen years' imprisonment. The judge crossed out the offending language, and appellant initialed next to the cross-out.

The rest of the proceeding was regular. The judge repeated the correct offense and the correct punishment range, and appellant pleaded guilty, saying that she understood the consequences of her plea.

Appellant now contends that her plea was involuntary because the proceedings evidenced "persistent confusion" about the applicable punishment range.

Either orally or in writing, the trial court must admonish the defendant of the range of punishment attached to the offense. *See* Tex. Code Crim. Proc. art. 26.13(a)(1), (d). Substantial compliance is sufficient to discharge this obligation, unless the defendant affirmatively shows that she was not aware of the consequences of her plea and that she was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c).

A finding that the defendant was duly admonished creates a prima facie showing that the guilty plea was entered knowingly and voluntarily. *See Martinez v.*

5

*State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). The defendant may still claim that her plea was not voluntary, but the burden shifts to her to demonstrate that she did not fully understand the consequences of the plea such that she suffered harm. *Id.*

The record here shows that there was some confusion regarding the applicable punishment range, but the judge fixed that problem. At the sentencing hearing, the plea paperwork was revised to say that appellant had pleaded guilty to a reduced charge of possessing between 200 and 400 grams of heroin with the intent to deliver. Appellant, her defense attorney, the prosecutor, and the judge initialed next to this revision.

The written admonishments were also revised to say the following: "First degree felony, a term no[t] to exceed 99 years or LIFE in the Institutional Division of the Texas Department of Criminal Justice and not less than 10 years in the Texas Department of Criminal Justice and a fine up to $100,000." Both appellant and her defense attorney initialed next to these correct admonishments. The judge also gave the correct oral admonishments when she took appellant's plea for the second time.

At no point was appellant ever orally admonished of an incorrect punishment range. The judge was consistent between the plea hearing and the sentencing hearing, stating that if appellant pleaded guilty to the reduced charge, then she would be sentenced to a minimum of ten years' imprisonment. The plea paperwork and the written admonishments contained incorrect information about the offense and the minimum term of punishment, but that information was corrected by the judge and the corrections were initialed by appellant.

We conclude that the judge substantially complied with her obligation to duly admonish appellant of the applicable range of punishment, meaning that there is a prima facie showing that appellant entered her plea knowingly and voluntarily. The

6

burden accordingly shifted to appellant to show that she did not fully understand the consequences of her plea and that she suffered harm. *Id.*

Appellant claims that she "could not possibly have understood the charges against her" because of the "persistent confusion" about the applicable punishment range. The record does not support such a claim. Every oral admonishment that appellant received stated that if she pleaded guilty, then she would be sentenced to a minimum term of ten years' imprisonment. Appellant consistently stated on the record that she understood what that meant. She never voiced confusion about the possibility of a higher minimum term of imprisonment.

And even if we accepted appellant's claim that she were confused about the applicable range of punishment, appellant cannot show that her plea would have been different had she not been confused because the trial court still sentenced her to a term of imprisonment that was within the maximum range of punishment for both offenses discussed during the proceedings. *See Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (incorrect punishment admonishment was harmless where the sentence assessed was within both the actual and stated maximum for the offense).

We overrule this issue.

***Fine.*** Appellant contends that the judgment is void because the judge forgot to assess a fine. The State agrees that a fine should have been assessed.

When a person commits an offense by knowingly possessing between 200 and 400 grams of heroin, the offense is "punishable by imprisonment in the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000." *See* Tex. Health & Safety Code § 481.112(e). Though the amount is discretionary, the fine itself is mandatory,

7

and the trial court must orally pronounce it at sentencing. *See Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If the trial court does not assess a fine, the judgment is void for being outside the statutory range of punishment. *See Lombardo v. State*, 524 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The judgment here is void because it does not include a fine. Appellant argues in her original brief that the appropriate remedy in this situation is to remand for a new hearing on punishment, but in a subsequent letter brief, she amends her request for relief, asking for her guilty plea to be set aside entirely. In support of this greater relief, appellant relies on *Thomas v. State*, 516 S.W.3d 498 (Tex. Crim. App. 2017), a case that was decided shortly after she filed her original brief. The State, in a cursory response letter, agrees with appellant that the guilty plea should be set aside.

A concession from the State is important to the disposition of an appeal, but we are not bound by it. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). After performing our own independent review of the case, we cannot agree that *Thomas* compels the result that the parties have suggested.

*Thomas* involved a very different set of facts. There, the State and the defendant negotiated a reduction in charges from a third-degree felony for engaging in organized criminal activity to a state-jail felony for theft. *See Thomas*, 516 S.W.3d at 500. The written and oral admonishments reflected a mutual understanding that the defendant's sentence would be enhanced by prior convictions, meaning that he would face the punishment range applicable to a second-degree felony, or between two and twenty years' imprisonment. *Id.* (written admonishments); *id.* at 504 (oral admonishments). However, the parties' mutual understanding was mistaken. As a matter of law, certain of the defendant's prior convictions could not be used to enhance his sentence to the punishment range applicable to a second-degree felony.

8

*Id.* at 500. No one recognized this error though, not even the judge, who sentenced the defendant to twenty years' imprisonment. *Id.*

In his direct appeal, the defendant challenged his sentence for being outside the range permitted by law. *Id.* The court of appeals sustained this point of error, and in its judgment, the court upheld the defendant's conviction for a state-jail felony and remanded for a new hearing on punishment only. *Id.* The State filed a motion for rehearing, objecting to this outcome. *Id.* The State argued that the enhanced punishment range was material to the negotiated plea, and if that enhanced punishment range were not available, then the State would not have entered into the plea agreement at all. *Id.* The State accordingly requested that the court of appeals set aside the guilty plea and return the parties to their original positions. *Id.* at 501. The court of appeals denied the State's motion, and then the Court of Criminal Appeals exercised discretionary review. *Id.*

Considering only the remedy chosen by the intermediate court of appeals, the Court of Criminal Appeals began its analysis by observing that a plea bargain is a contract "at its core." *Id.* The Court then recognized that contract-law principles can still be invoked if a judgment following a plea bargain is successfully challenged: "When a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both parties, including the State, returned to their original positions." *Id.* at 502–03 (citing *Shannon v. State*, 708 S.W.2d 850 (Tex. Crim. App. 1986)).

Because the defendant had successfully challenged his judgment, the Court said that "the focus in the instant case is upon whether the correct remedy under these circumstances is specific performance of the plea agreement or setting aside the appellant's guilty plea." *Id.* at 503. The Court then determined that specific

9

performance was not possible because the plea could not be enforced as the parties had mutually intended—i.e., with appellant facing a punishment term applicable to a second-degree felony. *Id.* The Court also reasoned that a contrary outcome would result in an undeserved windfall for the defendant, because the State had agreed to forgo a prosecution of a third-degree felony, which also carried a greater punishment range than the state-jail theft. *Id.* at 503–04.

Here, unlike in *Thomas*, when appellant finally entered a plea of guilty, the parties did not make a mutual mistake of law regarding the applicable range of punishment. As we explained above, appellant received written and oral admonishments correctly advising her that, if she pleaded guilty, she would face a term of imprisonment of no less than ten years and a mandatory fine of up to $100,000. The trial court's failure to assess a fine may render the judgment void, but that does not mean that the plea cannot be enforced as the parties had originally contemplated. We conclude that this is a case where specific performance of the plea is possible, and so we uphold the conviction and remand for a new hearing on punishment only. *See* Tex. Code Crim. Proc. art. 44.29(b); *Lombardo*, 524 S.W.3d at 817.

**Conclusion.** The judgment is reversed and the case is remanded for a new punishment hearing consistent with this opinion.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Publish — Tex. R. App. P. 47.2(b).