

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00026-CR

---

MICHAEL RAYMOND RIOJAS, JR.                                    APPELLANT
AKA MICHAEL R. RIOJAS, JR.

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1492292D

----------

### MEMORANDUM OPINION[1]

----------

In May 2017, Appellant Michael Raymond Riojas, Jr. aka Michael R. Riojas, Jr. pleaded guilty to assault family violence with a previous conviction and as an habitual offender, and the trial court placed him on ten years' deferred-adjudication community supervision. In January 2018, upon his plea of true to the State's allegation that he had violated his community supervision, the trial court revoked Riojas's community supervision, adjudicated him guilty of the

---

[1]*See* Tex. R. App. P. 47.4.

underlying assault offense, and sentenced him to twenty-five years' confinement. In two points, Riojas urges us to modify the judgment adjudicating his guilt by deleting the orders to pay a fine in the amount of $995.95 and reparations in the amount of $545.[2] We will affirm as modified.

The law is well settled that a trial court's pronouncement of sentence is oral while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Thus, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). A fine is part of the defendant's punishment and sentence and must be orally pronounced in the his presence. *Taylor*, 131 S.W.3d at 502.

When the trial court orally pronounced Riojas's sentence at the conclusion of the hearing to revoke his community supervision, it did not order him to pay any fine. Therefore, the $995.95 fine cannot be assessed as part of the order adjudicating guilt. *See Taylor*, 131 S.W.3d at 500. We sustain Riojas's first point.

As for the $545 in reparations ordered, the record indicates that of that amount, $480 is for probation fees and $65 is "DUE TO CSCD." Riojas argues that the order violates his due process rights because the record contains no

---

[2]The State concedes error, but we are not bound by it. *See Saldivar v. State*, 542 S.W.3d 43, 48 (Tex. App.—Houston [14th Dist.] 2017, pet. filed).

evidence to support the reparations, and he questions whether reparations can include probation fees.

"This court has consistently held that unpaid probation fees may be included as reparations in judgments adjudicating guilt." *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication). But unlike a fine, reparations are not punishment and not part of a defendant's sentence; therefore do not have to be included in the trial court's oral pronouncement of sentence. *Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication). Nor is there any "authority that the State must allege the failure to pay such fees as a ground for revocation in order to hold a defendant responsible for unpaid administrative fees." *Tucker*, 2016 WL 742087, at *1. Nevertheless, the record must support the trial court's decision to assess reparations. *Lewis v. State*, 423 S.W.3d 451, 460–61 (Tex. App.—Fort Worth 2013, pet. ref'd).

In granting community supervision, a trial court must fix a fee of no more than $60 per month, and if community supervision is later revoked, the trial court "shall enter the restitution due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. arts. 42A.652(a), 42.03, § 2(b) (West 2018). The trial court did exactly this. As part of Riojas's conditions of community supervision, the trial court ordered him to pay a $60 supervision fee each month during the

period of supervision. And when the trial court revoked Riojas's community supervision, of the $545 in reparations ordered, $480 represented past-due probation fees, as reflected by a "REVOCATION RESTITUTION/REPARATION BALANCE SHEET." Eight months elapsed between when the trial court placed Riojas on deferred-adjudication community supervision and when it revoked his community supervision. 8 x $60 = $480. The record supports the $480 portion of reparations ordered for probation fees. *See Tucker*, 2016 WL 742087, at *2 (holding record contained sufficient evidence to support reparations for probation fees); *Steen v. State*, No. 02-13-00559-CR, 2014 WL 4243702, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, pet. ref'd) (mem. op., not designated for publication) (same). We overrule this part of Riojas's second point.

We cannot say the same for the $65 "DUE TO CSCD," however. There is nothing in the record to indicate what it is or why it is in that amount. We sustain this part Riojas's second point.

Having sustained Riojas's first point, we modify the judgment adjudicating guilt to delete the $995.95 fine and the attached Order to Withdraw Funds to reflect that Riojas owes the amount of $308.00. Having sustained part of Riojas's second point, we modify the portion of the judgment adjudicating guilt that assessed reparations in the amount of $545 to delete the $65 "DUE TO CSCD," thereby reflecting that Riojas owes reparations in the amount of $480. We affirm the judgment as modified.

4

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 26, 2018