**Affirmed and Memorandum Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00805-CR

**EDWARD BEALEFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1464575**

## MEMORANDUM OPINION

We consider two overarching questions in this appeal from a conviction for continuous sexual abuse of a young child: (1) whether the evidence is sufficient to support the conviction, and (2) whether the trial court erred in its submission of the jury charge. For reasons explained more fully below, we conclude that the evidence is sufficient and that any error in the jury charge was harmless. We therefore affirm the trial court's judgment.

## BACKGROUND

When they first met, appellant was forty-six years old and the complainant was thirteen. They were both neighbors, and their families bonded over a summer trip to the beach.

Nothing inappropriate happened during the trip, but once they returned home, a romantic relationship started to form. Appellant and the complainant began having frequent conversations in private. They kissed for the first time about a month after the trip. A few months later, their relationship became sexual, and for the next few years, they would meet regularly to have sexual intercourse, as frequently as three or four times each week.

The complainant claimed that she was in love with appellant, but her feelings gradually waned as she entered high school. At age fifteen, she told a relative about the relationship. The relative notified police, who then arrested appellant.

## SUFFICIENCY OF THE EVIDENCE

We begin with appellant's second and third issues because, if meritorious, they would afford greater relief than his first issue. *See Saldivar v. State*, 542 S.W.3d 43, 45 (Tex. App.—Houston [14th Dist.] 2017, pet. filed).

Appellant contends in his second issue that the evidence is insufficient to support the conviction. Anticipating that we will perform an analysis for just the legal sufficiency of the evidence, appellant contends in his third issue that the failure to perform a factual sufficiency review violates notions of due process, due course of law, and equal protection.

We have seen—and rejected—this factual sufficiency complaint before. *See Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We only apply one standard when reviewing a challenge to the

2

sufficiency of the evidence, and that standard is the standard for legal sufficiency. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).

The offense in this case has the following essential elements: (1) the defendant committed two or more acts of sexual abuse during a period that is thirty or more days in duration; and (2) at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen years of age or older and the victim was a child younger than fourteen years of age, regardless of whether the defendant knew the age of the victim at the time of the offense. *See* Tex. Penal Code § 21.02(b). For purposes of this offense, an "act of sexual abuse" includes an aggravated sexual assault, *id.* § 21.02(c)(4), which the defendant can commit by causing his sexual organ to contact the sexual organ of a child under fourteen years of age. *Id.* § 22.021(a).

Appellant does not dispute that there is legally sufficient evidence that he committed two or more acts of sexual abuse during a period that is thirty or more days in duration, that the complainant was the victim of those acts, and that he was older than seventeen years of age at the time of those acts. Instead, appellant argues that there is no evidence to support a finding that the sexual abuse occurred during a period in which the complainant was younger than fourteen years of age.

Viewed in the light most favorable to the verdict, the evidence established the following facts:

- The complainant was born on April 14, 1998.

- The complainant joined appellant on a trip to the beach during the "summer of 2011," when she was thirteen years old.

- Their first physical contact was a kiss, which occurred "about a month after the summer trip."

- They had sexual intercourse for the first time "a few months after the vacation."

- They had sexual intercourse "a lot," as frequently as three or four times each week for "a few years."

- They had sexual intercourse at various locations, including a camper and a motel. If appellant was checking in to a motel, she would wait in the car because she was so much younger than him.

- When the complainant went to the motels with appellant, she appeared "about three or four years younger" than she did at the time of trial, when she was seventeen years old.

Aside from the complainant's birthday, the evidence did not establish any specific dates in this timeline. Nevertheless, the State alleged that appellant committed his acts of sexual abuse "on or about October 12, 2011 through November 17, 2011."

Appellant correctly observes that there is no evidence regarding those specific dates. Nor is there any evidence that the abuse occurred on or about a holiday, such as Halloween or Thanksgiving, which would more closely support the October through November period alleged by the State.

However, the question in a sufficiency analysis "is not what evidence there isn't, it's what evidence there is." *See Acosta v. State*, 429 S.W.3d 621, 630 (Tex. Crim. App. 2014). Because a conviction may be had on circumstantial evidence alone, there is no requirement that the proof point directly and independently to each element of the offense. *Id.* at 625. The trier of fact may convict the defendant "if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Id.* The trier of fact may also use common sense and

4

apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence. *Id.*

Here, the complainant testified that she and appellant began to have sexual intercourse "a few months" after their summer vacation. The complainant never clarified what she meant by "few," but that word generally means a small number greater than one, and the jury could have reasonably determined that the complainant was using that word according to its common understanding. *See, e.g.*, New Oxford American Dictionary 640 (Angus Stevenson & Christine Lindberg eds., 3d ed. 2010) (defining "few" as "a small number of"); Webster's New World College Dictionary 501 (Victoria Neufeldt et al. eds., 3d ed. 1996) ("not many; a small number of"); Webster's Ninth New Collegiate Dictionary 459 (Frederick C. Mish ed., 9th ed. 1991) ("at least some but indeterminately small in number").

The complainant did not clarify the precise timing of her summer vacation either, but the jury could have reasonably inferred that it occurred in June, July, or August. Those are popular months for trips to the beach, and also the time of year when schoolchildren, such as the complainant, are off on summer break. If the complainant returned from her vacation in June, on the early end of this spectrum, then a period of abuse that ran between October and November would have occurred four to five months after the vacation. If the complainant returned from her vacation in August, on the later end of this spectrum, then the same period of abuse would have occurred two to three months after the vacation. Either way, the period between October and November falls aptly within the vernacular meaning of "a few months" following a summer vacation. Therefore, the jury could have reasonably found that the sexual abuse occurred on or about October 12, 2011 through November 17, 2011, when the complainant was thirteen years old. *See also Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.) (indicating that children are

sometimes unable to identify the exact dates of their abuse, and that this offense, which focuses on a continuing course of conduct rather than on precise dates, was created in response to that inability).

The jury's finding is supported by other circumstantial evidence as well. For example, the complainant told authorities about her relationship with appellant when she was just fifteen years old. If, by that time, she and appellant had been having sexual intercourse for "a few years"—plural, as she claimed—then the jury could have reasonably concluded that the sexual relationship started when she was thirteen years old (two years earlier), and not fourteen years old (one year earlier).

Also, the complainant testified at trial that she appeared as much as "four years younger" when appellant took her to motels to have sexual intercourse. Because the complainant was seventeen years old at the time of this testimony, the jury could have reasonably concluded that she was thirteen years old when the sexual abuse occurred.

The cumulative force of all of this evidence supports a finding that the complainant was younger than fourteen years of age when appellant committed the acts of sexual abuse. We therefore conclude that the evidence is legally sufficient to support the conviction.

## THE JURY CHARGE

In his last remaining issue, appellant raises several complaints about error in the jury charge.

We review complaints of charge error under a two-step process, considering first whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error does exist, we then analyze that error for harm under the procedural framework of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

6

## I.        Limitations Instruction

Appellant's first complaint pertains to a limitations instruction, but before we discuss that instruction, we first provide some additional background. We start with the abstract portion of the charge, which contained the following instruction:

> Our law provides that a person commits an offense if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and, at the time of the commission of each of the acts of sexual abuse, the person was 17 years of age or older and the victim is a child younger than 14 years of age.

The trial court then gave several definition instructions, followed next by an application paragraph, which provided as follows:

> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, the defendant, Edward Bealefield, heretofore on or about October 12, 2011 through November 17, 2011, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age, including an act constituting the offense of aggravated sexual assault of a child, committed against [the complainant] on or about October 12, 2011, and an act constituting the offense of aggravated sexual assault of a child, committed against [the complainant] on or about November 17, 2011, and the defendant was at least seventeen years of age at the time of the commission of each of those acts, then you will find the defendant guilty of continuous sexual abuse of a young child, as charged in the indictment.

After this application paragraph, the trial court instructed the jury about the lesser-included offense of aggravated sexual assault of a child. The trial court then gave the following limitations instruction:

> You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time

7

within the period of limitations. There is no limitation period applicable to the offense of continuous sexual abuse of a young child, aggravated sexual assault of a child and indecency with a child.

Appellant was not charged with the lesser-included offense of indecency with a child, but he does not complain about that superfluous reference in the limitations instruction. Appellant complains instead about the portion of the instruction that says that the State is not bound by the specific dates alleged in the indictment. Appellant argues that this language wrongly authorized the jury to return a conviction on the charged offense based on any sexual conduct involving the complainant, even if that conduct occurred when the complainant was fourteen years of age or older.

We do not share appellant's interpretation of the limitations instruction. Even though the instruction provides that the State is not bound by the specific dates alleged in the indictment ("on or about October 12, 2011 through November 17, 2011"), nothing in the instruction provides that the jury can base a conviction on acts of sexual abuse that occurred *after* the complainant's fourteenth birthday (on April 14, 2012). If the instruction had that effect, then its internal reference to "the offense" would be inconsistent with the essential elements that appear in both the abstract portion of the charge and in the application paragraph. There is no textual basis for believing that the instruction created such an inconsistency, especially when the instruction does not mention or single out any elements of the offense. As we read it, the instruction effectively authorized a conviction if the jury found that appellant committed the requisite acts of sexual abuse at any point *before* the complainant's fourteenth birthday, which is necessarily within the period of limitations and before the return of the indictment.

Appellant contends that a different reading is compelled by our decision in *Mendoza v. State*, No. 14-15-00537-CR, 2016 WL 3341107 (Tex. App.—Houston [14th Dist.] June 14, 2016, no pet.) (mem. op., not designated for publication), where

we found error in a jury charge that contained a substantially similar limitations instruction.

As an initial matter, we must observe that *Mendoza* is an unreported decision, and therefore, it has no precedential value. *See* Tex. R. App. P. 47.7(a); *Gonzales v. State*, 474 S.W.3d 345, 350 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

But even if *Mendoza* were reported and had precedential value, it would not support appellant's position because it is distinguishable on the facts. In that case, which involved the very same offense that we consider here, we held that the application paragraph was erroneous because it authorized a conviction based on acts of sexual abuse that occurred before September 1, 2007, the effective date of the statute. *See Mendoza*, 2016 WL 3341107, at *4–5. We further held that the limitations instruction added to the charge error because it failed to advise the jury that the conviction could only be based on acts that were committed on or after September 1, 2007. *Id.*

The concerns in *Mendoza* are not present in this case. The evidence was undisputed that appellant did not meet the complainant until 2011, which is after the effective date of the statute. And unlike the charge in *Mendoza*, this charge did not allege that any acts of sexual abuse were committed before the effective date of the statute.

We conclude that the trial court did not err in its submission of the limitations instruction.

## II.  "Child" Definition, Unanimity Instruction, and Application Paragraph

Appellant complains of three more charge errors in his brief, but he addresses them as factors in his harm analysis. We address these complaints as independent errors, not as factors in a harm analysis.

9

The first of these complaints arises out of two separate portions of the charge. The first portion is from the abstract, which provides that the offense is not complete unless "the victim is a child younger than 14 years of age." The second portion is a definition of the word "child," which appears later in the charge as "a person younger than seventeen years of age." Appellant argues that the latter definition was gratuitous and misleading insofar as it suggested that a conviction could be had if the acts of sexual abuse occurred after the child turned fourteen.

The second complaint focuses on a unanimity instruction, which provides as follows:

> In order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. However, in order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

This instruction identifies several elements of the offense, but it makes no reference to the age of the victim, which was the most hotly contested element in the entire trial. Appellant argues that the omission renders the instruction erroneous because the jury may have believed from the omission that it was not required to agree unanimously that the complainant was younger than fourteen years of age at the time of the sexual abuse.

The third complaint focuses on the application paragraph, which contains a similar omission. The beginning of this paragraph alleges that appellant committed "at least two acts of sexual abuse against a child younger than fourteen years of age," but when the paragraph subsequently mentions the complainant by name, it does not specifically require the jury to find that the complainant was younger than fourteen

years of age at the time of the sexual abuse. Appellant argues that the paragraph effectively presumes that the complainant was younger than fourteen years of age at the time of the sexual abuse.

For the purposes of argument, we will assume without deciding that these three portions of the charge are erroneous and proceed to an analysis of harm. Under *Almanza*, the degree of harm necessary for reversal depends on whether the defendant objected to the charge error. *See Almanza*, 686 S.W.2d at 171. Because appellant did not object here, he can obtain reversal only if the error caused him egregious harm. *Id.*

Harm is egregious when the error deprives the defendant of a fair and impartial trial. *See Orellana v. State*, 489 S.W.3d 537, 543 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The defendant suffers such a deprivation when the error affects the very basis of the case, denies the defendant a valuable right, or vitally impacts a defensive theory. *Id.* The harm must be actual, not merely theoretical. *Id.*

We assay harm in light of the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

We have already discussed many pertinent aspects of the jury charge. The abstract portion and the beginning of the application paragraph clearly instructed the jury that a conviction could not be had unless the victim was younger than fourteen years of age at the time of the sexual abuse. Other boilerplate instructions provided that the prosecution had the burden of proving every element of the offense beyond a reasonable doubt, and that the jury must unanimously agree upon a verdict.

11

We have also discussed much of the evidence already. As we explained in our analysis of appellant's other issues, there was evidence that the sexual abuse began when the complainant was thirteen years old and that it continued until she was fifteen years old. Appellant did not try to develop any evidence that the abuse specifically began after the complainant's fourteenth birthday. His primary defensive theory was that the abuse never happened at all, and he attempted to sow doubt in the prosecution's case by showing that the complainant had a history of mental problems and that she gave inconsistent statements to investigators, including outright denials of abuse.

As for the arguments of counsel, the prosecutor asserted in his opening statement that the complainant was thirteen years old when the abuse started. Defense counsel addressed the complainant's credibility in his opening statement, rather than her age. He focused on her troubled past and her initial denials of abuse.

Defense counsel took a different approach in his closing statement, where he began by addressing the complainant's age: "This indictment alleges that these acts happened when she was younger than 14, back in October through November of 2011. What evidence do we have of that? That's the question you have to ask yourself." Defense counsel also addressed the complainant's credibility, but counsel signaled that the age of the complainant was the critical question because the jury had the option of convicting appellant of a lesser-included offense: "So what you have to do is ask yourself, do I really believe that it happened back then in 2011, in which case it could be a continuous, or did it happen after 2012, after April of 2012, in which case it's just an aggravated sexual assault, or did it happen at all. That's what you have to ask yourself."

The prosecutor closed last, and he again asserted that the complainant was thirteen years old at the time of the abuse. The prosecutor also reminded the jury that

12

appellant was the complainant's first love and the first person with whom she ever had sex. The implication of these remarks is that the complainant was unlikely to misremember when the abuse first started and that she could be trusted when she testified that the abuse began "a few months" after her summer trip, when she was thirteen years old.

Based on the record of the trial as a whole, the jury was amply informed that a conviction could not be had unless the complainant was younger than fourteen years of age at the time of the sexual abuse. The presumed charge errors did not affect the very basis of the case, deny appellant of a valuable right, or vitally impact a defensive theory. We therefore conclude that those errors, if any, were harmless.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

13