**Affirmed and Majority and Concurring Opinions filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-19-00097-CR**
**NO. 14-19-00098-CR**
**NO. 14-19-00099-CR**
**NO. 14-19-00100-CR**

---

**PATRICK DEON SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause Nos. 17557, 17675, 17814, and 17908**

---

## MAJORITY OPINION

Appellant Patrick Deon Smith appeals his conviction for theft of property. After appellant pleaded guilty, the trial court found him guilty, found enhancement allegations in the indictment to be true, denied appellant's motion to withdraw his guilty plea, and sentenced him to 60 years in prison. In a single issue, appellant contends that the trial court erred in overruling his motion to withdraw his guilty plea because his plea was involuntary. We affirm.

## *Standards of Review*

A defendant may withdraw a guilty plea as a matter of right until judgment has been pronounced or the case has been taken under advisement, and after that time, the trial court has discretion to allow withdrawal of the plea. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.). After a trial court has admonished a defendant, received the plea and evidence, and passed the case for a presentence investigation, the case has been taken under advisement. *Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.). An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Id*.

A guilty plea must be entered into freely and voluntarily. Tex. Code Crim. Proc. art. 26.13(b); *Houston*, 201 S.W.3d at 217. We examine the entire record in assessing the voluntariness of a plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). A trial court's proper admonishment of a defendant before a guilty plea is entered creates a prima facie showing that the plea was both knowing and voluntary. *Id*. The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Houston*, 201 S.W.3d at 217. A defendant who attested during his initial plea hearing that his plea was voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Id*. "A criminal defendant who is induced to plead guilty in a state court in total ignorance of the precise nature of the charge and the range of punishment it carries has suffered a violation of procedural due process." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (citing *Smith v. O'Grady*, 312 U.S. 329 (1941)). However, a guilty plea is not involuntary simply because the sentence exceeded what an accused expected, even if that expectation was raised by his attorney. *West*

*v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986); *Houston*, 201 S.W.3d at 217-18.

## *Background*

Appellant was charged with offenses in four separate indictments. In cause number 17,557, he was charged with theft of property valued at less than $2,500. That indictment also included three enhancement paragraphs based on prior convictions. Prior to any proceedings, appellant was assessed for competency to stand trial by psychiatrist Dr. Robert Cantu, who concluded that appellant was competent. At the plea hearing for the theft charge, the trial court admonished appellant regarding his rights, the charges, and the range of punishment, and appellant entered a guilty plea and pleaded true to the enhancement paragraphs. The trial judge then announced he was finding appellant guilty and set the cause for a hearing on punishment.

At the beginning of the punishment hearing, appellant's trial counsel moved to withdraw appellant's guilty plea, stating as the basis that appellant had not understood the range of punishment. Counsel reported that appellant asserted he did not realize he could be sentenced in the range of punishment for a habitual offender: 25 years to life. Appellant, however, did not testify and offered no evidence in support of the motion. As we discuss in more detail below, after discussion regarding the motion, the trial court denied it.

At the conclusion of the punishment hearing, the trial court sentenced appellant to 60 years in prison. In accordance with the plea agreement between the parties, the court further ordered that the charges in the other three outstanding indictments against appellant (numbers 17,558, 17,559, and 17,580) would not be prosecuted. *See* Tex. Code Crim. Proc. art. 12.42(d).[1]

---

[1] Although not prosecuted for the other three charged offenses, appellant has filed appeals

3

*Analysis*

In his appeal, appellant acknowledges that he received proper plea admonishments before he pleaded guilty. He further concedes that the trial court had taken the case under advisement prior to appellant's motion to withdraw his guilty plea. Appellant contends, however, that the trial court erred in denying the motion because his plea was involuntarily made. Specifically, he asserts that he was unable to comprehend the complicated charges against him that used several layers of enhancements to take him from what he contends normally would have been a misdemeanor theft offense to habitual felony offender status. He supports his assertions by reference to Dr. Cantu's competency report, in which Cantu noted appellant appeared to suffer from "Unspecified Intellectual Disability" and "Schizophreniform Disorder" and possessed a "low average IQ."

The State first contends that appellant's arguments on appeal are waived because they do not comport with the arguments he made in the trial court. *See generally Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Before the trial court, appellant's counsel only stated that appellant claimed he was not informed and did not understand that he fell within the habitual offender range of punishment: 25 years to life. On appeal, appellant contends he was unable to understand the charges and the punishment range because they were the result of a "significantly muddled morass of legal complexity" beyond his mental ability to comprehend. On appeal, appellant also relies heavily on Cantu's report, which his trial counsel did not offer or reference in regards to the motion to withdraw the guilty plea.

However, regardless of whether appellant properly preserved his arguments in the trial court, he has not demonstrated that the trial court abused its discretion

---

in each of the causes. These appeals have been consolidated with this appeal in cause number 17,557 and do not raise any new or different issues.

4

in denying the motion to withdraw his guilty plea. During the punishment hearing when appellant's counsel stated that appellant was asserting he did not realize he could be sentenced to 25 years to life, the trial judge appeared to express surprise. Indeed, the judge stated, "[I]f Mr. Smith is making the statement he was not informed of habitual punishment, the Court is going to find that that is a false statement that Mr. Smith is making. He even initialed habitual offender in the plea documents." And the judge was correct. In the section titled "Punishment Range," the plea papers show appellant's initials next to the line, "(Habitual Offender) confinement in prison for life or a term of not more than 99 years or less than 25 years." The signed plea papers also indicate that appellant was entering his plea freely and voluntarily.

Moreover, the record of the plea hearing reveals that the trial judge explicitly asked appellant if he understood that he was "subject to habitual punishment in this case" and "the range of punishment in this case is from 25 years to 99 years in the Texas Department of Criminal Justice Institutional Division." Appellant replied, "Yes, sir," to both questions, indicating he understood his habitual offender status and the punishment range. Appellant also confirmed to the judge that he was entering his plea freely and that no one had forced him to sign it or promised him anything in exchange for signing it. Additionally, in making the motion to withdraw the plea, appellant's trial counsel acknowledged to the court that "[w]e did go over that. We did understand that was a possibility. I believe there's plea papers that reflect that, Judge."

Appellant's reliance on Cantu's report is also unconvincing. Although, as noted, Cantu concluded appellant appeared to suffer from "Unspecified Intellectual Disability" and "Schizophreniform Disorder" and possessed a "low average IQ," Cantu also determined that appellant understood the charges and the range of punishment and was capable of engaging in his defense. Specifically regarding

5

whether appellant rationally understood the charges against him and the range of possible penalties, Cantu wrote: "Yes. Although the defendant often denied understanding simple issues in his proceedings, my interview strongly suggested an underlying knowledge of the allegations against him and the legal proceedings into which he is engaged." Cantu further found that appellant was able to undertake reasoned choices of legal strategies and options. And, Cantu reported that appellant's "complaints of 'not understanding' elements of his case and the legal proceedings was inconsistent and often exaggerated beyond expected deficiencies for his psychiatric diagnoses."

Having confirmed appellant understood the charges against him and the range of possible punishment, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea, which was based on appellant's purported misunderstanding of the range of punishment. *See Jackson*, 590 S.W.2d at 515; *Lawal*, 368 S.W.3d at 882; *see also Saldivar v. State*, 542 S.W.3d 43, 47 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (rejecting contention that "persistent confusion" regarding applicable range of punishment rendered guilty plea involuntary where defendant was duly admonished on the applicable range and failed to demonstrate that she did not understand the consequences of her plea and suffered harm). Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/     Frances Bourliot
        Justice



Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Frost, C.J., concurring).

Publish — TEX. R. APP. P. 47.2(b).

6